■ BERTHA FALKOWITZ, as Administratrix of the Estate of JONAH FALKOWITZ, Deceased, Respondent, v. KINGS HIGHWAY HOSPITAL et al., Defendants, and ABBOTT LABORATORIES, Appellant — In an action to recover damages for wrongful death and conscious pain and suffering, defendant Abbott Laboratories appeals from an order of the Supreme Court, Kings County, dated June 4, 1973, which denied defendant's motion to vacate plaintiff's notice to admit. Order reversed, without costs, and motion granted. The notice to admit consists of 33 paragraphs and consumes more than six pages (closely printed) of the record on appeal. Even a cursory examination of it establishes that, as a whole, it is patently burdensome, unnecessarily prolix and unduly protracted. In our opinion, the notice is patently improper and violates the scope and intendment of CPLR 3123 (formerly Civ. Prac. Act, § 322), which governs the application for and use of the requested admissions. The purpose of such a notice procedure is not to obtain information in lieu of other disclosure devices, such as the taking of depositions before trial, but only to eliminate from the issues in litigation matters which will not really be in dispute at the trial. Thus, unlike many of the items set forth in plaintiff's notice, requests for admissions are not intended to cover ultimate conclusions which can only be made after a full and complete trial (Nader v. General Motors Corp., 53 Misc 2d 515, affd. 29 A D 2d 632). The notice in this case concerns a great deal of highly technical, detailed and scientific information, which is itself a subject for examination by an expert witness or witnesses familiar with the sales, marketing, manufacturing and chemobiological backgrounds of the product in question. Information such as that is not the proper subject of a notice to admit. Therefore, defendant's motion should have been granted. Munder, Acting P. J., Martuscello, Latham, Gulotta and Benjamin, JJ., concur.