■ GEORGE BERG, Individually and as Father and Natural Guardian of WENDY BERG, et al., Respondents, v FLOWER FIFTH AVENUE HOSPITAL et al., Defendants, and IRVING SAXE et al., Appellants. — Order, Supreme Court, New York County (Alvin Klein, J.), entered April 29, 1983, denying separate motions by appellants Virginia Pomeranz and Irving Saxe and by defendant Flower Fifth Avenue Hospital to strike notices to admit, granting the motion for a protective order only as to a portion of plaintiffs' notices, reversed, to the extent appealed from, on the law, the facts and in the exercise of discretion, without costs or disbursements, and the motion granted striking the notices to admit served upon appellants Pomeranz and Saxe in their entirety. ¶ The action was brought to recover for alleged medical malpractice in connection with the birth of the infant plaintiff on March 28, 1963. After extensive disclosure proceedings, plaintiffs served separate notices to admit upon the doctors and the hospital. Special Term granted the motions for protective orders only as to certain items contained in each notice. ¶ We disagree and find on review of the notices that they are palpably improper and beyond the scope of a notice to admit as provided by CPLR 3123. The statute, which is captioned, "Admissions as to matters of fact, papers, documents and photographs", permits service of a request for admission "of the genuineness of any papers or documents, or the correctness or fairness of representation of any photographs, described in and served with the request, or of the truth of any matters of fact set forth in the request, *as to which the party requesting the admission reasonably believes there can be no substantial dispute* at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry." (CPLR 3123, subd [a]; emphasis added.) Requests to admit are intended to eliminate from the litigation factual matters which will not be in dispute at trial, not to obtain information in lieu of other disclosure devices (*Nader v General Motors Corp.,* 53 Misc 2d 515, affd 29 AD2d 632; *Johantgen v Hobart Mfg. Co.,* 64 AD2d 858). Such requests for admissions may not cover ultimate conclusions, which can only be made after a full and complete trial, nor may they properly relate to technical, detailed and scientific information which is the subject for examination by an expert witness (*Falkowitz v Kings Highway Hosp.,* 43 AD2d 696; *Matter of Haroche v Haroche,* 38 AD2d 957). As a disclosure device, their purpose is to eliminate from contention factual matters which are easily provable and about which there can be no controversy. Their use serves to expedite the trial by eliminating as issues that as to which there should be no dispute (*Two Clinton Sq. Corp. v Friedler,* 91 AD2d 1195). ¶ On review of the notices served here, we are in agreement that plaintiffs have made no attempt to limit them to factual matters which they reasonably believe are not in dispute. Plaintiffs seek admissions with respect to a wide range of information, including causation, accepted medical practices and procedures, diagnosis and expert medical opinion, all clearly beyond the scope of a notice to admit as a disclosure device (CPLR 3123). Essentially, the notices here amount to a deposition on written questions which, in this case, would permit plaintiffs the benefit of an examination before trial conducted solely by leading questions, which, it has been observed "[j]ustice and fair play dictate * * * should not be allowed." (*Snyder v East Coast Cartage Co.,* 64 Misc 2d 83, 84.) To allow the notice to admit to become perverted into a further form of deposition in the nature of written

interrogatories would defeat and detract from its intended purpose. ¶ While we find possibly one or two of the 44 items in the notices that may be proper, we deem it unwise and unnecessary for the court to prune the requests to construct for counsel and the parties a proper notice to admit as suggested in the concurring memorandum and, accordingly, we vacate the notices in their entirety. Concur — Asch, Silverman and Kassal, JJ.

Kupferman, J., concurs in a separate memorandum as follows: While I can concur in the conclusion on the basis that the court should not have to prune requests for admission (see *Brandon v Chefetz*, 101 AD2d 786), I believe that it should be made clear that at least the following request is fully justified: "1. The annexed Hospital record of the infant plaintiff, constitutes the full and complete record of Flower Fifth Avenue Hospital regarding Wendy Berg." ¶ CPLR 3123 (subd [a]) provides for notice to admit where "the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry." ¶ Clearly, the physician involved is in a much better position to answer this question than the plaintiff is.