Calvin R. Taylor, as Administrator of the Estate of Howelle L. Taylor, Deceased, Respondent, v Herman Blair et al., Defendants, and Brooklyn Union Gas Company, Appellant.

First Department, April 3, 1986

APPEARANCES OF COUNSEL

*Timothy J. Flanagan* of counsel *(Cullen & Dykman,* attorneys), for appellant.

*Norman Leonard Cousins* for respondent.

**OPINION OF THE COURT**

KASSAL, J.

The action was commenced to recover for the wrongful death of the decedent who, it is claimed, died from asphyxiation due to carbon monoxide poisoning on May 8, 1977. It is alleged that, at the time, decedent was a tenant at 114-48 199th Street, St. Albans, Queens, a multiple dwelling owned by defendants Herman and Gladys Blair. Mid-Continent Metal Products was the manufacturer of a gas burner in use at the premises and installed by appellant the Brooklyn Union Gas Company (Brooklyn) in 1972, when the heating units at the premises were converted from oil to gas heat. The claim is made that Brooklyn was negligent in failing to properly install, inspect or repair the burner.

After disclosure proceedings had been completed and the case placed on the Trial Calendar, plaintiff served the identical notice to admit on each of the defendants. The only issue before us is the propriety of the notice as to Brooklyn, Special Term having denied its motion for a protective order and directed it to serve responses.

CPLR 3123 (a) permits the service of a request for admission "of the genuineness of any papers or documents, or the correctness or fairness of representation of any photographs, described in and served with the request, or the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry."

We have consistently held that the purpose of a notice to

admit is "to eliminate from the litigation factual matters which will not be in dispute at trial, not to obtain information in lieu of other disclosure devices *(Nader v General Motors Corp.,* 53 Misc 2d 515, affd 29 AD2d 632; *Johantgen v Hobart Mfg. Co.,* 64 AD2d 858)." *(Berg v Flower Fifth Ave. Hosp.,* 102 AD2d 760.)* Clearly, the underlying purpose of such a notice "is to eliminate from contention factual matters which are easily provable and about which there can be no controversy * * * to expedite the trial by eliminating as issues that as to which there should be no dispute *(Two Clinton Sq. Corp. v Friedler,* 91 AD2d 1195)." *(Berg v Flower Fifth Ave. Hosp., supra,* p 760.)* Thus, a notice to admit may not be utilized to request admission of material issues or ultimate or conclusory facts *(Villa v New York City Hous. Auth.,* 107 AD2d 619, 620; *Felice v St. Agnes Hosp.,* 65 AD2d 388, 395-396), which can only be resolved after a full trial. As stated, it may not be employed as a substitute for other disclosure devices, such as examinations before trial, depositions upon written questions or interrogatories. *(Falkowitz v Kings Highway Hosp.,* 43 AD2d 696.)*

To a large extent, the notice to admit here is improper under these principles. Plaintiff does not seek admissions with respect to "clear-cut" matters of fact as to which he reasonably believes there can be no dispute or controversy. (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3123:1, p 603.) Many items seek admissions either as to facts within the unique knowledge of other parties to the action or request appellant to admit ultimate issues or facts which may require expert opinion, beyond the scope of a notice to admit. In substance, the notice, for the most part, amounts to interrogatories (CPLR 3130) or a deposition on written questions (CPLR 3108), inconsistent with the basic purpose underlying a notice to admit.

Thus, items Nos. 1 through 3, 5, 14, 22 and 24 clearly relate to matters not within the knowledge of the appellant. To illustrate, it is inappropriate for plaintiff to request appellant to admit that the Blairs owned the premises "continuously from 1959 to 1978" (No. 1) or that the premises were "used exclusively for residential purposes" (No. 3). Nor does it appear that appellant would readily know whether Ruppert Calendar and Howelle Taylor lived at the premises (as tenants) "with the knowledge, consent and permission * * * of the BLAIRS" (No. 5). While we agree that plaintiff may request that defendant admit that the decedent died at the premises

on a particular date (No. 21), item No. 22 improperly requests appellant to admit the cause of death. This is not a proper request for an admission and is otherwise provable at trial by certified copies of the death certificate and an autopsy report, neither of which, apparently, has been furnished to appellant to enable it to acquire such knowledge.

Other items in the notice are similarly improper. Item No. 24 requests an admission with respect to data which may be the subject of expert testimony and, therefore, would not be the subject of a request to admit *(Berg v Flower Fifth Ave. Hosp., supra; Falkowitz v Kings Highway Hosp., supra; Matter of Haroche v Haroche,* 38 AD2d 957). While item No. 2, which requests an admission that the subject premises was a "one family, two story * * * private house", on its face, does appear to be properly included, it is inconsistent with the pleadings, in that plaintiff's verified complaint alleged that the premises was "a multiple dwelling". In our view, items Nos. 13 and 23 relate to material issues and ultimate or conclusory facts, inappropriate for a request to admit. The ultimate issues in the case may be whether the chimney "should have been" cleaned at the time of the conversion to gas heat (No. 13), and whether the decedent died from a chimney blockage which caused combustion products containing carbon monoxide to enter the house (No. 23). Item No. 26 is similarly improper since it pertains to an ultimate issue and presupposes a duty on the part of Brooklyn or the codefendants to warn as to the dangers of carbon monoxide from a blocked chimney. Nos. 25 and 27 are immaterial, since the issue in the case is whether there was any negligence by appellant in this specific case, not whether, in general, Brooklyn warned consumers or the public of any danger (No. 25) or advised homeowners, generally, of the existence or availability of certain devices to detect the presence of carbon monoxide (No. 27). Finally, items Nos. 19, 20 and 28 improperly request appellant to state whether certain matters were known to Mid-Continent Metal Products. These and other items actually amount to interrogatories, not requests to admit.

Special Term, by sustaining the notice in its entirety, has expanded the utilization of a notice to admit and converted it into a general disclosure device. This is an unwarranted departure from the legislative standard as expressed in CPLR 3123 (a). The sole function of such a notice is to expedite the trial by eliminating from contention that which is public knowledge or easily provable and which the party reasonably

believes is not in dispute. A cursory examination of the notice demonstrates that it does not satisfy that underlying purpose. To permit the use of a notice to admit in lieu of other general disclosure devices, namely, interrogatories or a deposition on written questions, is inconsistent with established precedent. As we observed in *Berg v Flower Fifth Ave. Hosp.* (102 AD2d, at pp 760-761): "To allow the notice to admit to become perverted into a further form of deposition in the nature of written interrogatories would defeat and detract from its intended purpose."

Accordingly, the order, Supreme Court, New York County (Alvin Klein, J.), entered August 23, 1985, denying appellant's motion for a protective order vacating plaintiff's notice to admit, should be modified, on the law, with costs, to vacate and strike from plaintiff's notice to admit items numbered 1-3, 5, 13-14, 19-20 and 22-28, and otherwise affirmed.

SANDLER, J. P., CARRO, ASCH and ROSENBERGER, JJ., concur.

Order, Supreme Court, New York County, entered on August 23, 1985, modified, on the law, to vacate and strike from plaintiff's notice to admit items numbered 1-3, 5, 13-14, 19-20 and 22-28, and the order is otherwise affirmed. Appellant shall recover of respondent $50 costs and disbursements of this appeal.