ROBERTA HODES, Appellant, v CITY OF NEW YORK et al., Respondents.

First Department, February 28, 1991

**APPEARANCES OF COUNSEL**

*Daniel Markewich* of counsel *(Mound, Cotton & Wollan,* attorneys), for appellant.

*Janet L. Zaleon* of counsel *(Ellen B. Fishman* with her on

the brief; *Victor A. Kovner, Corporation Counsel,* attorney), for respondents.

## OPINION OF THE COURT

MILONAS, J.

Plaintiff commenced this action for personal injuries, false arrest and malicious prosecution in 1984. Defendants denied liability, and motion practice and disclosure then ensued. On September 8, 1988, plaintiff filed her note of issue and certificate of readiness, which stated that discovery had been completed. A pretrial conference was scheduled for May 8, 1990. Thereafter, on March 22, 1990, plaintiff served a notice to admit pursuant to CPLR 3123 (a) in which she sought the admission by defendants of the genuineness of numerous documents and the truthfulness of an extensive series of alleged questions of fact. It should be pointed out that plaintiff's notice and accompanying documents consisted of some 50 papers. Defendants refused to respond, asserting that the notice was simply a discovery device, and plaintiff was precluded from obtaining additional disclosure as a result of the filing of the note of issue. Plaintiff subsequently moved for a protective order under CPLR 3103 (a) conditioning or regulating the use of any disclosure device.

In denying the motion, the Supreme Court explained that "[p]laintiff's notice to admit dated and served March 22, 1990 is deemed a nullity. The moving papers disclose that the notice to admit was served after the note of issue was filed. It is, therefore, legally ineffective but may be reserved upon withdrawal of the note of issue." In that connection, CPLR 3123 (a) provides, in part, with regard to a notice to admit that: "At any time after service of the answer or after the expiration of twenty days from service of the summons, whichever is sooner, and not later than twenty days before the trial, a party may serve upon any other party a written request for admission by the latter of the genuineness of any papers or documents, or the correctness or fairness of representation of any photographs, described in and served with the request, or of the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry."

The Uniform Rules for Trial Courts requires that a party

who serves and files a note of issue and a certificate of readiness must indicate that discovery proceedings now known to be necessary have been completed, that there are no outstanding requests for discovery and that there has been a reasonable opportunity to complete these proceedings (22 NYCRR 202.21). It is plaintiff's contention that since a notice to admit, which may be served any time after service of the answer or 20 days after service of the summons and not later than 20 days before trial, is not an ordinary disclosure device, it is not included in the sort of disclosure prohibited by 22 NYCRR 202.21. To the extent that the existence of a conflict may be perceived between CPLR 3123 (a) and 22 NYCRR 202.21, it has been suggested by David D. Siegel in his Practice Commentaries to CPLR 3123 that: "The rules of court under which disclosure is cut off upon the filing of the statement of readiness are themselves an exercise of a statutorily conferred power. See CPLR 3401. (CPLR 3401 is labelled a 'Rule', but it was part of the original CPLR as enacted by the legislature.) More than that, the rules in question implement more of an administrative than a procedural purpose and concern the court's calendars and the disposition of judicial business just as much as they do the procedural path of the parties. If deemed to have predominantly an administrative function, as they apparently do, the rules are an exercise of a constitutional rather than merely statutory power conferred on the appellate divisions, the administrators of the court system. See Const. Art. VI, § 28. The package which contains these particular court rules may therefore be said to have a constitutional wrapping, and if that is so then the statutory armament allotted to CPLR 3123 must be made to defer to these calendar rules." (McKinney's Cons Laws of NY, Book 7B, CPLR C3123:2, at 605.)

However, the fact remains that CPLR 3213 (a) is not intended as simply another means for achieving discovery, and there is no substantive collision between this provision and the court rule disallowing further discovery following the filing of a note of issue and certificate of readiness. Rather, the purpose of a notice to admit is to crystallize issues and to eliminate from trial those that are easily provable or not really in dispute *(Batchie v Travelers Ins. Co.,* 110 AD2d 864, 865; *Berg v Flower Fifth Ave. Hosp.,* 102 AD2d 760). Thus, the subject section makes available a procedure whereby a party may, in effect, procure a stipulation from the opposing party regarding certain specific matters concerning which there is

general agreement and whose exclusion as an issue to be litigated will serve to expedite the trial. An examination of plaintiff's 50-page purported notice to admit demonstrates that it scarcely constitutes a request for admission of the sort of narrow, limited matters contemplated by the statute but, instead, appears to be merely a subterfuge for obtaining further discovery. As such, the Supreme Court appropriately denied the motion for a protective order. If plaintiff perceives the need for additional information, she may, of course, withdraw her note of issue.

Therefore, the order of the Supreme Court, New York County (Leland DeGrasse, J.), entered on October 4, 1990, which denied plaintiff's motion for a protective order pursuant to CPLR 3103 (a) regulating the use of her previously served notice to admit, should be affirmed, without costs or disbursements.

SULLIVAN, J. P., ROSENBERGER, WALLACH and SMITH, JJ., concur.

Order, Supreme Court, New York County, entered on October 4, 1990, affirmed, without costs or disbursements.