■ MINDY LEWIS, on Behalf of Herself and All Others Similary Situated, Appellant, v HERTZ CORPORATION, Respondent. [597 NYS2d 368] —Order, Supreme Court, New York County (William J. Davis, J.), entered on or about October 21, 1992, which granted in part and denied in part defendant's motion to strike plaintiff's interrogatories and items from the notice to admit and plaintiff's cross-motion to compel, unanimously affirmed, without costs.

The IAS Court has broad discretion in supervising pre-trial discovery *(Duracell Intl. v American Employers' Ins. Co.,* 187 AD2d 278). Moreover, where interrogatories are improper or unduly broad, burdensome or oppressive the remedy is not for the court to attempt to prune questions but rather to vacate the entire set *(Dykowsky v New York City Tr. Auth.,* 124 AD2d 465, 466). Accordingly, vacatur of the remaining requests in their entirety was not an abuse of discretion in this case.

We note that the purpose of a notice to admit is to eliminate from the litigation factual matters which will not be in dispute at trial, not to obtain information in lieu of other disclosure devices *(Taylor v Blair,* 116 AD2d 204, 206). Otherwise stated, the procedure is designed to elicit a stipulation regarding specific matters concerning which there is general agreement *(Hodes v City of New York,* 165 AD2d 168, 170-171). Accordingly, it may not be employed to request admission of material issues or ultimate or conclusory facts *(Taylor v Blair, supra,* at 206), as plaintiff sought to do in this case. Concur—Carro, J. P., Milonas, Ellerin and Kassal, JJ.

■ In the Matter of JACOB RABINOWITZ, an Attorney. [598 NYS2d 948] —Motion granted insofar as to extend the effective date of respondent's suspension to June 21, 1993. Concur—Murphy, P. J., Wallach, Ross, Asch and Rubin, JJ.