■ SAMSUNG AMERICA, INC., Respondent, v YUGOSLAV-KOREAN CONSULTING & TRADING CO., INC., et al., Appellants. [604 NYS2d 112] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered April 6, 1993, which, *inter alia,* denied defendants' motion for a protective order striking plaintiff's notices for discovery and inspection, notice to admit and its first set of interrogatories, unanimously reversed, on the law, and in the exercise of discretion, to the extent appealed from by defendants, with costs, and defendants' motion is granted.

Plaintiff commenced an action against the individual defendant Sead Dizdarevic and several foreign and domestic corporations controlled by him, for breach of contract, goods sold and delivered, and recovery on checks drawn by defendants. In connection therewith, plaintiff alleged fraud by defendants and sought to pierce the corporate veils. Plaintiff served on defendants simultaneous notices for discovery and inspection seeking any and all tax returns, bank statements, correspondence and documents in approximately 35 categories covering an approximate two and one-half year period, a notice to admit, interrogatories and a notice to take oral depositions. Defendants moved for a protective order, which the Supreme Court denied. On June 24, 1993 this Court stayed the Supreme Court's order pending this appeal to the extent of staying disclosure under the notice for discovery and inspection as to appellant Dizdarevic, and staying disclosure under the interrogatories as to matters concerning the bank accounts, tax filings and controlled entities of Dizdarevic.

While there is arguably a showing that Dizdarevic may have intermingled the assets of several of the defendant corporations, plaintiff has not demonstrated the " 'strong showing of overriding necessity' " to overcome the confidentiality of tax returns that the notices for discovery and inspection seek to have defendants produce *(Editel, N. Y. v Liberty Studios,* 162 AD2d 345, 346). Accordingly, the notices for discovery and inspection are vacated with leave to renew, in

more limited form and extent, following completion of Dizdarevic's deposition.

Further, the overly broad interrogatories which called for all bank accounts and information concerning tax filings must also await completion of Dizdarevic's oral deposition so as to more particularly pinpoint the documents needed to prosecute this lawsuit or defend against the counterclaims. Although a party is generally free to choose the disclosure devices it wishes to use and the order in which it uses them, it is a generally accepted rule that one method of disclosure should be completed before resorting to another, and thus we direct that Dizdarevic's oral deposition shall be completed prior to service of a properly drafted set of interrogatories *(Curran v Upjohn Co.,* 122 AD2d 929; *ACWOO Intl. Steel Corp. v Frenkel & Co.,* 165 AD2d 753).

Finally, a protective order with respect to the notice to admit as to items 6 through 9 is granted since these items go to the very heart of the lawsuit concerning the cause of action to pierce the corporate veil. A notice to admit may not be utilized to request admission of material issues or ultimate or conclusory facts, and is only properly used to eliminate from trial matters which are easily provable and about which there can be no controversy. *(Taylor v Blair,* 116 AD2d 204, 206.) Here, items 6 through 9 request admissions of material issues or ultimate facts. Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.