■ SIDNEY KIMMEL et al., Appellants, v PAUL, WEISS, RIFKIND, WHARTON & GARRISON, Respondent. [625 NYS2d 202] —Orders, Supreme Court, New York County (Joan Lobis, J.), entered November 3, 1993 and July 26, 1994, which, respectively, granted defendant's motion for a protective order striking plaintiff's First Notice to Admit; denied plaintiff's motion to compel further responses to plaintiff's second set of interrogatories and granted defendant a protective order striking plaintiff's third set of interrogatories, unanimously affirmed, with costs.

Since the Notice to Admit predominantly seeks admissions as to material and ultimate issues, and legal conclusions on material issues, as opposed to admissions confirming matters where "there can be no substantial dispute at the trial" (CPLR 3123 [a]), the Notice to Admit was properly stricken. *(See, e.g., Hodes v City of New York,* 165 AD2d 168.) As to the interrogatories at issue, it is clear that they improperly request information which is mainly duplicative of information already obtained through earlier discovery *(see, e.g., Comstock & Co. v City of New York,* 80 AD2d 805). Finally, we note that while a few proper requests may be interspersed in the Notice to Admit and amongst the largely redundant interrogatories,

it is not the court's obligation to prune those pre-litigation devices *(see, e.g., Berg v Flower Fifth Ave. Hosp.,* 102 AD2d 760; *Lewis v Hertz Corp.,* 193 AD2d 470). Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.