■ ALIA HUSSAIN et al., Appellants, v RICHARD NOWAK et al., Respondents. [832 NYS2d 337]—

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered August 11, 2006. The order, insofar as appealed from, denied plaintiffs' motion to strike defendants' answer for spoliation of evidence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Alia Hussain when her hand became caught on a wire flag holder attached to defendants' mailbox. Plaintiffs moved to strike defendants' answer for spoliation of evidence and submitted evidence establishing that defendants' insurance company, to whom defendants had entrusted the wire flag holder, had either lost or destroyed it. Supreme Court properly denied plaintiffs' motion and instead "granted [plaintiffs] the right to have Pattern Jury Instruction 1:77.1 read to the jury upon request." "It is well established that the sanction of striking a pleading for nondisclosure pursuant to CPLR 3126 (3) 'should be granted only where it is conclusively shown that the discovery default was deliberate or

contumacious,' " and plaintiffs failed to make that showing (*Wetzler v Sisters of Charity Hosp.*, 17 AD3d 1088, 1089 [2005], *amended on rearg on other grounds* 20 AD3d 944 [2005]). We thus conclude that the court properly refused to strike the pleading and instead determined that a less severe sanction should be imposed (*see id.* at 1089-1090; *Tommy Hilfiger, USA v Commonwealth Trucking*, 300 AD2d 58, 60 [2002]). Present—Gorski, J.P., Martoche, Smith, Lunn and Pine, JJ.