■ GERALD QUINN, Appellant-Respondent, v CITY UNIVERSITY OF NEW YORK, Respondent-Appellant. [841 NYS2d 306]—

Order, Court of Claims of the State of New York (Philip J. Patti, J.), entered April 5, 2006, which denied that aspect of claimant's motion seeking to strike defendant's answer pursuant to CPLR 3126 and granted that aspect of the motion seeking to preclude defendant from offering certain evidence at trial, unanimously modified, on the facts, that aspect of the motion seeking to preclude defendant from offering certain evidence at trial denied, and otherwise affirmed, without costs.

Court of Claims improvidently exercised its discretion in precluding defendant from offering any evidence at trial on the condition of the chair, the collapse of which caused claimant's injuries. Defendant preserved the chair following claimant's accident in September 2000, permitting claimant to photograph the chair shortly after the accident and making the chair available to the parties in a related action in Supreme Court commenced by claimant against the manufacturer of the chair. Following the inspection of the chair by an expert for the manufacturer, an inspection attended by claimant's counsel, the manufacturer served on claimant approximately 90 color photographs of the chair that were taken by the expert. Notwithstanding that he had served on defendant in October 2002 a notice requesting that the chair be preserved, claimant did not seek to inspect the chair until July 2005, almost two years after the inspection by the manufacturer's expert. By that time, however, the chair, which had been labeled as evidence and put in a secure storage room, had been misplaced or destroyed by an outside contractor. Although defendant unquestionably was remiss, the failure to preserve the chair reflects no intentional misconduct. Under all the relevant circumstances, neither striking the answer nor precluding defendant from offering evidence at trial is warranted (*see Kirschen v Marino*, 16 AD3d 555 [2005]; *see also Hussain v Nowak*, 38 AD3d 1342 [2007]). Although some lesser sanction—be it a missing evidence charge (PJI3d 1:77 [2007]) or some other sanction—appears to be appropriate, that is a matter best left to the discretion of the trial court and should be made on the basis of the record before it at the time. Concur—Andrias, J.P., Friedman, Sweeny, McGuire and Kavanagh, JJ.