Fetahu v New Jersey Tr. Corp. (2018 NY Slip Op 08746)





Fetahu v New Jersey Tr. Corp.


2018 NY Slip Op 08746


Decided on December 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2018

Richter, J.P., Manzanet-Daniels, Gische, Kapnick, Gesmer, JJ.


158294/13 -7759N 7758 7757

[*1] Valbona Fetahu, Plaintiff-Appellant,
v
New Jersey Transit Corp., Defendant-Respondent.


Jonah Grossman, Jamaica, for appellant.
Lynch & Lynch, Garden City (Charlene I. Lund of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 24, 2017, which denied plaintiff's motion to deem Item Nos. 1 and 2 of her second notice to admit admitted, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 29, 2018, which, in effect, granted plaintiff's motion for reargument and adhered to the original determination, unanimously dismissed, without costs, as academic. Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about June 1, 2018, which granted defendant's motion for a protective order striking plaintiff's Third Notice to Admit, unanimously modified, on the facts, to deny the motion as to Item No. 13, to direct defendant to respond to this item within 20 days of the date of this order, and otherwise affirmed, without costs.
Plaintiff seeks damages for injuries she allegedly sustained when a bus owned and operated by defendant and on which she was a passenger stopped short. The instant discovery disputes concern plaintiff's requests for admissions relating to defendant's use of a service called "DriveCam" to capture and review video recordings of certain risky driving events.
"A notice to admit is designed to elicit admissions on matters which the requesting party reasonably believes there can be no substantial dispute' (CPLR 3123[a])" (National Union Fire Ins. Co. of Pittsburgh, Pa. v Allen, 232 AD2d 80, 85 [1st Dept 1997]). "[A] notice to admit may not be utilized to request admission of material issues or ultimate or conclusory facts," or "facts within the unique knowledge of other parties" (Taylor v Blair, 116 AD2d 204, 206 [1st Dept 1986]). Rather, it is "only properly used to eliminate from trial matters which are easily provable and about which there can be no controversy" (Samsung Am. v Yugoslav-Korean Consulting & Trading Co., 199 AD2d 48, 49 [1st Dept 1993]). Further, because a notice to admit "is not intended as simply another means for achieving discovery," it may not be used to obtain information in lieu of other disclosure devices (see Hodes v City of New York, 165 AD2d 168, 170 [1st Dept 1991]).
Based on these principles, plaintiff's motion to deem admitted the matters in the second notice to admit was properly denied. In this notice, plaintiff requested that defendant admit that a brochure describing the DriveCam service, and an "Event List" purportedly containing information about the subject incident, were obtained by defendant, in the ordinary course of its business, from a third party. The notice also requested that defendant admit that the Event List reflects events recorded on the day of the incident. These requests are not proper because they involve either material issues in the case or information within the unique knowledge of a third party (see Kimmel v Paul, Weiss, Rifkind, Wharton & Garrison, 214 AD2d 453 [1st Dept 1995]; Taylor, 116 AD2d at 206).
To the extent the requests seek admissions that the two documents were received in the ordinary course of defendant's business, plaintiff could not have "reasonably believe[d]," based [*2]on the testimony of defendant's claims manager, that there could be no "substantial dispute" on this issue (see CPLR 3123[a]; Nacherlilla v Prospect Park Alliance, Inc., 88 AD3d 770, 772 [2d Dept 2011]). Indeed, the claims manager indicated otherwise, testifying that he obtained the brochure by requesting it from a third party and compiled the Event List by conducting a search of the third party's website.
The court properly granted a protective order with respect to Item Nos. 1-2, 14, and 16-20 in plaintiff's third notice to admit because plaintiff could not have reasonably believed that there was no substantial dispute regarding these issues (see CPLR 3123[a]; Nacherlilla, 88 AD3d at 772). Item Nos. 16 and 19 are also improper insofar as they call for admissions of "legal conclusions" (see Kimmel, 214 AD2d at 453), and Item No. 14 is also improper insofar as it seeks information "within the unique knowledge of other parties" (Taylor, 116 AD2d at 206; see CPLR 3123[a]).
Item Nos. 4-12 and 15 were properly struck because they represented an improper "subterfuge for obtaining further discovery" post-filing of the note of issue (Ahroner v Israel Discount Bank of N.Y., 79 AD3d 481, 483 [1st Dept 2010] [internal quotation marks omitted]; see Taylor, 116 AD2d at 206). Item No. 3 was properly struck because whether defendant provided plaintiff with a document as part of discovery is not a fact relevant to the trial of this matter.
Item No. 13 should not have been struck because it is essentially undeniable based on prior testimony in this litigation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 20, 2018
CLERK