Pasek v Catholic Health Sys., Inc. (2021 NY Slip Op 03773)





Pasek v Catholic Health Sys., Inc.


2021 NY Slip Op 03773


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1030 CA 19-01515

[*1]JULIE E. PASEK, INDIVIDUALLY AND AS POWER OF ATTORNEY FOR JAMES G. PASEK, PLAINTIFF-APPELLANT,
v
CATHOLIC HEALTH SYSTEM, INC., ET AL., DEFENDANTS, COLDER PRODUCTS COMPANY AND DOVER CORPORATION, DEFENDANTS-RESPONDENTS. 






BROWN CHIARI LLP, BUFFALO (ANGELO S. GAMBINO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
TUCKER ELLIS LLP, CLEVELAND, OHIO (LAURA KINGSLEY HONG, OF THE OHIO BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND HURWITZ & FINE, P.C., BUFFALO, FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 27, 2019. The order granted the motion of defendants Colder Products Company and Dover Corporation for a protective order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff appeals from an order granting the motion of defendants Colder Products Company (Colder) and Dover Corporation (Dover) for a protective order striking two notices to admit. Initially, we note that Dover was subsequently awarded summary judgment dismissing the complaint and all cross claims against it, and plaintiff did not appeal from the order awarding that relief. Thus, the discovery issue on appeal is moot with respect to Dover (see Clark C.B. v Fuller, 59 AD3d 1030, 1031 [4th Dept 2009]).
We reject plaintiff's contention that Supreme Court abused its discretion in granting the motion with respect to Colder. Although we agree with plaintiff that the notices to admit were served more than 20 days before trial and were therefore timely (see CPLR 3123 [a]), both notices requested improper admissions from Colder, and the court was not required to "prune" the notices by striking some of the requests and leaving others intact (Kimmel v Paul, Weiss, Rifkind, Wharton & Garrison, 214 AD2d 453, 454 [1st Dept 1995]; see Berg v Flower Fifth Ave. Hosp., 102 AD2d 760, 761 [1st Dept 1984]; see generally Singh v G & A Mounting & Die Cutting, 292 AD2d 516, 516 [2d Dept 2002]). "[I]n view of the underlying purpose of the notice to admit," i.e., "to eliminate from dispute those matters about which there can be no controversy," we discern "no abuse of discretion in [the court's determination]" (Voigt v Savarino Constr. Corp., 94 AD3d 1574, 1575 [4th Dept 2012] [internal quotation marks omitted]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court