Marchese v Aston (2021 NY Slip Op 06959)





Marchese v Aston


2021 NY Slip Op 06959


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Gische, J.P., Webber, Oing, Singh, Higgitt, JJ. 


Index No. 805299/14 Appeal No. 14858 Case No. 2020-02429 

[*1]Melanie Marchese, Plaintiff-Respondent-Appellant,
v
Sherrell J. Aston, M.D., et al., Defendants-Respondents, Lenox Hill Hospital, et al., Defendants-Appellants-Respondents.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Nicholas Tam of counsel), for appellants-respondents.
The law firm of Ravi Batra, P.C., New York (Todd B. Sherman of counsel), for respondent-appellant.
Mauro Lilling Naparty, LLP, Woodbury (Kathryn M. Beer of counsel), for Sherrell J. Aston, M.D., and Sherrell J. Aston, M.D., P.C., respondents.
Martin Clearwater & Bell, LLP, New York (Gregory A. Cascino of counsel), for Michael Edward Zelman, M.D. and Lenox Hill Medical Anesthesiology, PLLC, respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 4, 2020, which, to the extent appealed from, granted plaintiff's motion for spoliation sanctions against defendants Lenox Hill Hospital, North Shore — Long Island Jewish Health System, Inc.. and North Shore — LIJ Network, Inc. (together, the Hospital defendants) to the extent of directing that the trial judge fashion an appropriate sanction against the Hospital defendants at trial, granted the separate motions of the Hospital defendants, defendants Sherrell J. Aston, M.D. and Sherrell J. Aston, M.D., P.C., and defendants Michael Edward Zelman, M.D. and Lenox Hill Medical Anesthesiology, PLLC for a protective order striking plaintiff's notice to admit, and denied plaintiff's cross motion under 22 NYCRR 130-1.2 for sanctions against all defendants for asserting false statements, unanimously modified, on the law, to deny plaintiff's motion for spoliation sanctions against the Hospital defendants, and otherwise affirmed, without costs.
In December 2014, plaintiff demanded that the Hospital defendants provide evidence regarding, among other things, the sterilization of surgical instruments used upon her on the day of her surgery. In January 2015, daily quality check logs for two of the machines used to sterilize the instruments were destroyed in a fire at the storage facility, a circumstance that the Hospital defendants discovered when they sought those records in accordance with a 2018 court order. The Hospital defendants submitted an affidavit stating that those records would not have revealed whether the surgical instruments used on plaintiff were properly sterilized since they confirmed only that the machines were properly functioning on a certain day, not how and when any particular surgical instruments were sterilized. Regardless of whether the Hospital defendants were negligent in the destruction of the documents, the motion should have been denied because on this record, plaintiff failed to establish that the logs would have supported her medical malpractice claim, as she is required to do to establish her entitlement to sanctions (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547-548 [2015]; China Dev. Indus. Bank v Morgan Stanley & Co., Inc., 183 AD3d 504, 505 [1st Dept 2020]).
Whether and under what circumstances plaintiff is entitled to a lesser sanction on account of the missing documents should be left to the sound discretion of the trial court (CPLR 3126; see Quinn v City Univ. of N.Y., 43 AD3d 679, 680 [1st Dept 2007]; NY PJI 1:77, Comment 2).
The motion court correctly struck as improper plaintiff's notice to admit served on all defendants as to the "genuineness" of the full prescribing information of Vancocin, the oral version of the antibiotic Vancomycin. A notice to admit is intended to garner admissions regarding facts "as to which the party requesting the admission reasonably believes there can be no substantial dispute" (CPLR 3123[*2][a]; see Taylor v Blair, 116 AD2d 204, 206 [1st Dept 1986]). Plaintiff could not have reasonably believed that there is no substantial dispute as to an admission related to the authenticity of the prescribing guidelines of Vancocin, the proper use of which has been extensively contested by the parties. Further, plaintiff's notice to admit appears to be an improper attempt to introduce the prescribing guidelines for Vancocin as evidence of the prevailing standard of care, since the evidence would otherwise be deemed hearsay (see Spensieri v Lasky, 94 NY2d 231, 238-239 [1999]; Berg v Flower Fifth Ave. Hosp., 102 AD2d 760, 760-761 [1st Dept 1984]).
We have considered the parties' remaining contentions and find them either unavailing or academic in light of our determination. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021