Offshore Exploration & Prod., LLC v De Jong Capital, LLC (2023 NY Slip Op 50664(U))

[*1]

Offshore Exploration & Prod., LLC v De Jong Capital, LLC

2023 NY Slip Op 50664(U)

Decided on July 5, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 5, 2023
Supreme Court, New York County

Offshore Exploration and Production, LLC, Plaintiff,

against
De Jong Capital, LLC, Defendant.

Index No. 653659/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 51, 52, 53 were read on this motion for DISCOVERY.
The following e-filed documents, listed by NYSCEF document number (Motion 003) 55, 56, 57, 58, 59, 60, 61, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85 were read on this motion for ORDER OF PROTECTION.
Plaintiff Offshore Exploration and Production, LLC (OEP) moves for expedited discovery (Motion sequence no. 001). Defendant De Jong Capital, LLC (De Jong) moves for a protective order pursuant to CPLR 3103 (Motion sequence no. 003).
Motion sequences 001 and 003 are consolidated herein for disposition.

 SUMMARY OF FACTS
The complaint alleges as follows: OEP is a private investment holding company. In 2009, OEP owned a company called Offshore International Group (OIG). OIG is an oil and gas entity that owns and operates several subsidies in Peru. Its core business revolves around two contracts: an asset lease with the Peruvian state oil company, and a service contract that allows it to operate Peru's 2-2B block. In 2009, OEP sold OIG to two public oil companies named Ecopetrol and KNOC. Sometime in 2014, OIG's president learned that Ecopetrol and KNOC were planning to sell OIG.
The parties met in September 2016 and discussed a potential partnership to acquire OIG. The parties had never previously entered into a business relationship. OEP believed a partnership would be a constructive move because it was concerned that Ecopetrol and KNOC would not want to sell OIG back to OEP for significantly less money than what they paid to purchase it. OEP was also concerned about ongoing litigation related to indemnity issues going back to the 2009 deal. OEP believed that under a partnership, De Jong would facilitate negotiations with the sellers during the acquisition process. 
Ecopetrol and KNOC initiated a formal sale process for OIG with Bank of America in 2020. Prior to that action, OEP shared proprietary information with De Jong in order to facilitate a successful bid. The parties executed a confidentiality agreement in September 2020 which governed the information which OEP provided in preparation for the bid. 
The parties regularly discussed the terms of a partnership agreement. From the outset they agreed to a 90/10 equity split in favor of OEP. The split was the result of the relative value brought to the partnership by each party. Unlike OEP, De Jong had no previous experience operating oil and gas exploration and production companies in Peru. De Jong served as a facilitator to alleviate the sellers' concerns of completing a deal with OEP. 
There were several drafts of a partnership agreement between the parties, but no written agreement was ever executed. A non-binding offer for OG was submitted by them in November 2020, which involved a provision informing the sellers that the parties intended to work together on a deal. Subsequently, De Jong proceeded to submit another bid, without OEP's consent and over OEP's concerns, prompting OEP to submit an alternative bid to sellers. 
In January 2021, Ecopetrol and KNOC announced a sale of OIG to De Jong and another partner. OEP was never previously informed of another partnership with De Jong. In a later meeting with De Jong, De Jong informed OEP of its new partnership. In mid-2021, OEP learned from an employee of OIG that De Jong may have extracted money from OIG ($4 million), making it difficult for OIG to service a growing debt problem.
OEP accuses De Jong of intentionally depriving it of a business opportunity and using its privileged information to make a successful bid. 
De Jong moved for dismissal of the complaint (mot. seq. no. 002). The court, by order dated May 24, 2023, dismissed all the causes of action, except for breach of the confidentiality agreement, fraud, and promissory estoppel. 
In motion sequence 001, OEP moves for a limited expedited discovery involving [*2]materials in De Jong's possession. This motion was filed prior to De Jong's motion to dismiss in an attempt to direct defendant to commence the discovery process, and to assist OEP in its effort to seek provisional remedies.
OEP demanded production of documents evidencing cash distributions made to De Jong or any entity affiliated with De Jong since the acquisition of OIG; quarterly reports for the first two quarters of 2021, including financial statements, production reports, capex reports and cost reports; OIG's 2021 annual budget; and loan agreements with prior shareholders, including waivers, amendments and/or supplemental documents. 
In opposition to the motion, De Jong argues that OEP has no right to request expedited disclosure, and claims the information sought is irrelevant because a partnership agreement was never fully executed and OEP has no interest in OIG. Defendant contends that OEP has no grounds for obtaining a provisional remedy and urges this court to reject its request for expedited discovery. 
Discovery in this action commenced in July of 2022 and is currently ongoing. In as much as the parties have already substantially completed discovery, plaintiffs' request for expedited discovery is now moot.
In motion sequence 003, De Jong moves for a protective order against a notice to admit served by OEP. There are 32 separate requests. 
A notice to admit is designed to elicit admissions on matters which the requesting party reasonably believes there can be no substantial dispute (see Natural Union Fire Ins. Co. of Pittsburgh, Pa. v Allen, 232 AD2d 80, 85 [1st Dept 1997]). A notice to admit may not be utilized to request admission of material issues or ultimate or conclusory facts or facts within the unique knowledge of other parties (see Taylor v Blair, 116 AD2d 204, 206 [1st Dept 1986]). A notice to admit is only properly used to eliminate from a trial matters which are easily provable and about which there can be no controversy (see Samsung Am. v Yugoslav-Korean Consulting & Trading Co., 199 AD2d 48, 49 [1st Dept 1993]). Because a notice to admit is not intended as simply another means of achieving discovery, it may not be used to obtain information in lieu of other disclosure devices (see Hodes v City of New York, 165 AD2d 168, 170 [1st Dept 1991]). 
Pursuant to CPLR 3103 (a), the court, on the motion of any party, can impose a protective order denying, limiting, conditioning, or regulating the use of any disclosure device, including a notice to admit. 
De Jong objects to OEP's requests for admissions on the grounds that the requests are improper as they concern disputed or controversial issues in this action. OEP, in opposing the motion, withdrew its Requests Nos. 3, 7, 12 and 17, but asserts that the remainder of its requests are appropriate. 
Plaintiff's notice to admit contains both proper and improper requests for admissions. Many of the requests seek admissions regarding factual matters that are in dispute. Specifically, demands seeking admissions as to the substance of telephone conversations, admissions regarding the contents of the parties' confidentiality agreement, and admissions regarding the transfer of funds and the sharing of information with third parties are not proper (see request nos. 4-6, 8-15, 18-22, 27 and 29-32).
Since the notice to admit predominantly seeks admissions as to material and ultimate issues, and legal conclusions on material issues, this court will strike the notice (Kimmel v Paul, Weiss, Rifkind, Wharton & Garrison, 214 AD2d 453, 453—54, (1st Dept 1995). This court is not [*3]obligated to prune the demands and search for those proper requests and order responses (id. citing, Berg v Flower Fifth Ave. Hosp., 102 AD2d 760 [1st Dept 1984]). 
Accordingly, it is hereby
ORDERED that plaintiff Offshore Exploration and Production, LLC's motion for expedited discovery (mot. seq. no. 001) is denied as moot; and it is further 
ORDERED that defendant De Jong Capital, LLC's motion for a protective order (mot. seq. no. 003) is granted.
07/05/2023