Sanquintin v Cogliture (2024 NY Slip Op 01883)

Sanquintin v Cogliture

2024 NY Slip Op 01883

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Renwick, P.J., Manzanet-Daniels, Kennedy, Mendez, Michael, JJ. 

Index No. 161502/19 Appeal No. 1965N Case No. 2023-03580 

[*1]Rafael A. Sanquintin, Plaintiff-Appellant,
v
C.F. Cogliture III, Defendant-Respondent.

Leandros A. Vrionedes, P.C., New York (Leandros A. Vrionedes of counsel), for appellant.
Scahill Law Group P.C., Bethpage (Keri A. Wehrheim of counsel), for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered June 22, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a protective order pursuant to CPLR 3103 striking defendant's notice to admit, unanimously reversed, on the law and the facts, with costs, and the motion granted.
In this automobile accident case, defendant served a notice to admit approximately six months after note of issue was filed. Defendant's notice to admit requested plaintiff to admit or deny whether the appended photos were a "fair and/or correct representation" of screen shots from various social media accounts with highlighted dates and dates of when the screenshots of the photos were taken. Defendant's notice to admit did not ask plaintiff to admit or deny whether the photos were taken after his accident on April 24, 2019.
To the extent the notice to admit seeks to validate and authenticate photographs that may have been taken before plaintiff's accident, the notice to admit is improperly being used as a disclosure device, and plaintiff is entitled to a protective order (see Hodes v City of New York, 165 AD2d 168, 170-171 [1st Dept 1991]). Indeed, the notice to admit, served after plaintiff filed his note of issue, would not serve to exclude factual issues from trial, and would only raise new issues that should have been resolved during discovery in this matter (see Ahroner v Israel Discount Bank of New York, 79 AD3d 481 [1st Dept 2010]). Notably, defendant did not demonstrate any unusual or unanticipated circumstances that would warrant permitting him to conduct discovery following the filing of the note of issue (see 22 NYCRR 202.21[d]; Palmiero v 417 E. 9th St. Assoc., LLC, 167 AD3d 472, 472 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024