Perella Weinberg Partners LLC v Kramer (2025 NY Slip Op 50024(U))

[*1]

Perella Weinberg Partners LLC v Kramer

2025 NY Slip Op 50024(U)

Decided on January 14, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 14, 2025
Supreme Court, New York County

Perella Weinberg Partners LLC, PWP MC LP, PWP EQUITY I LP, PERELLA WEINBERG PARTNERS GROUP LP, Plaintiff,

against
Michael A. Kramer, DERRON S. SLONECKER, JOSHUA S. SCHERER, ADAM W. VEROST, DUCERA PARTNERS LLC, Defendant.
MICHAEL KRAMER, DERRON SLONECKER, JOSHUA SCHERER, ADAM VEROST, Plaintiff,
against
JOSEPH PERELLA, PETER WEINBERG, KEVIN COFSKY, Defendant.

Index No. 653488/2015

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 025) 1138, 1139, 1140, 1141, 1142, 1143, 1144, 1145, 1182, 1183, 1184, 1185, 1186, 1191 were read on this motion for MISCELLANEOUS.
This action was commenced in October of 2015 and involves a dispute regarding the circumstances surrounding the defendants' departure from Perella Weinberg Partners LLC. Summary judgment was denied to both parties, with the limited exception of this court's finding that the restrictive covenants, contained within defendants' employment agreements at issue, are enforceable. Trial is scheduled to commence on January 24, 2025.
Pursuant to so-ordered stipulation, the deadline for service of notices to admit was August 14, 2017 (NYSCEF doc. no. 111). Following discussion regarding trial submissions, plaintiffs purportedly served a notice to admit, requesting 90 admissions, on April 5, 2024.
In motion sequence 025, defendants move for a protective order, pursuant to CPLR 3103, to strike the April 2, 2024 notice to admit.
Defendants submit that plaintiffs' notice to admit was untimely as it was served seven (7) years after the expiration of the notice to admit deadline. Defendants argue that plaintiffs should be bound to their agreed-upon discovery deadlines and that plaintiffs waived their right to seek additional pre-trial disclosure. Additionally, defendants argue that the notice to admit [*2]impermissibly seeks information regarding disputed facts and submit that the notice was knowingly drafted based upon facts and information in dispute. Defendants cite to fourteen (14) requests that purportedly seek information that is "not reasonably expected to be in the knowledge of the party served" (NYSCEF doc. no. 1145, pg. 14), or that seek admissions regarding key documents that exceed the proper scope of a notice to admit, which, according to defendants, should only be utilized to establish contract authenticity. Because plaintiffs' requests seek improper information and failed to abide by the court's scheduling order, defendants assert, the request for admission should be stricken.
In opposition, plaintiffs submit that their notice to admit was both timely and proper. According to plaintiffs, defendants previously agreed to several undisputed facts, which were later refuted just prior to trial (and following the retention of new counsel for defendants) (affirmation, NYSCEF doc. no, 1183). The service of the notice to admit, therefore, plaintiffs contend, was to identify facts which were previously agreed to and undisputed in prior court submissions, and to narrow and identify facts for which there is general agreement.
CPLR 3123(a) permits the service of a request for admission "of the genuineness of any papers or documents, or the correctness or fairness of representation of any photographs, described in and served with the request, or the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry."
The device is intended for use with "clear-cut matters of fact," and it may not be used for matters which constitute the very dispute of the lawsuit (New Image Const., Inc. v TDR Enterprises Inc., 74 AD3d 680, 681[1st Dept 2010][notice to admit was improper, since it impermissibly "compel[ed] admission of fundamental and material issues or ultimate facts that can only be resolved after a full trial"]). It also should not be utilized to request admission of material issues or ultimate or conclusory facts or facts within the unique knowledge of other parties (see Taylor v Blair, 116 AD2d 204, 206 [1st Dept 1986]). Rather, a notice to admit should be used to eliminate from a trial matters which are easily provable and about which there can be no controversy (Samsung Am. v Yugoslav-Korean Consulting & Trading Co., 199 AD2d 48, 49 [1st Dept 1993]). 
A notice to admit may be served at any time after service of the answer and not later than twenty days before trial (CPLR 3123[a]). Here, the notice to admit was served on April 2, 2024. The service of the notice was completed more than twenty (20) days prior to the original April 29, 2024 trial date, and certainly sufficiently prior to the current January 24, 2025 date. The notice to admit is timely.
Defendants "opened the door" for further inquiry by declining to adopt for trial purposes facts previously identified as "uncontested" or "uncontroverted" in their summary judgment Rule 19-a statement. Therefore, this court finds that the service of the notice to admit on April 2, 2024 was altogether reasonable and timely. A notice to admit may be served after the filing of a note of issue without leave of court and may be used as a vehicle to "crystallize" issues prior to trial (Hodes v City of New York, 165 AD2d 168 [1st Dept 1991]).
With respect to the contents of the requests for admission, this court rejects defendants arguments in support of striking the notice. CPLR 3103 (a) allows for the imposition of a protective order denying, limiting, conditioning, or regulating the use of any disclosure device, including a notice to admit. Notices to admit are properly stricken when they are used as an [*3]improper disclosure device, expand and raise new factual issues that should have been resolved during discovery, or impermissibly compel admission of fundamental and material issues or ultimate facts that can only be resolved after a full trial (New Image Const., Inc. v TDR Enterprises Inc., 74 AD3d 680, 681[1st Dept 2010]; Sanquintin v Cogliture, 226 AD3d 445 [1st Dept 2024]).
Here the court does not find that plaintiffs' service of the notice to admit falls into any of the categories for preclusion. The notice was not served as a discovery device or used to obtain information in lieu of other devices, does not raise new issues that were left unresolved in discovery, and does not, on its face, compel admissions of ultimate facts that are unresolvable without trial. It appears to this court that the notice to admit was served in an effort to clarify or eliminate factual disputes at trial (Fetahu v New Jersey Transit Corp., 167 AD3d 514, 515 [1st Dept 2018]). In consideration of defendants' prior 19-a statement, the court is persuaded that plaintiffs' notice had a rational basis and was made on issues for which plaintiffs believed there to be no substantial dispute (CPLR 3123[a]). The court thus declines to find the notice to admit untimely or to conclude that it seeks impermissible information or controverted facts.
Accordingly, it is hereby
ORDERED that defendants' motion (motion seq. no. 025) for a protective order, striking plaintiffs' April 2, 2024 Notice to Admit, is denied; and it is further
ORDERED that defendants shall serve a CPLR 3123[a]-compliant response to the notice to admit within five (5) days of the date of this order.
DATE January 14, 2025
ROBERT R. REED, J.S.C.