| Estate of Sandler |
|:---:|
| 2025 NY Slip Op 30695(U) |
| February 28, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2019-2734/I |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------------x
Proceeding to Recover Assets Withheld in the Estate of

DECISION and ORDER
LYDIA SANDLER,                                                 File No.: 2019-2734/I

Deceased.
-----------------------------------------------------------------------------x
M E L L A, S.:

The court considered the following submissions in determining the instant motion for
for a protective order and other relief:

| Papers Considered | Numbered |
|---|---|
| Respondent Rochelle Klein's Notice of Motion for a Protective Order and Other Relief; Affirmation of Anthony G. Piscionere, Esq., in Support, with Exhibits | 1,2 |

In this turnover proceeding in the estate of Lydia Sandler (SCPA 2103), Respondent

Rochelle Klein (Klein) moves, pursuant to CPLR 3103, for a protective order concerning the

Request for Admissions, dated September 16, 2024 (Second Notice to Admit), served by

Petitioner (and Preliminary Executor) Lynne Boyarsky (Boyarsky). Klein also seeks sanctions

for Boyarsky's alleged "willful refusal to withdraw the Second Notice to Admit." The motion is

unopposed.

Boyarsky, who is self-represented, seeks turnover of $172,000 from Klein (her sister),

who she alleges withdrew the funds from decedent's bank account for her own use while acting

as decedent's attorney-in-fact. Klein claims the funds at issue were to reimburse her for

expenditures she had made for decedent's benefit. As part of ongoing discovery, Boyarsky

served the Second Notice to Admit, which includes 58 requests for admission.[1] Klein, who made

the instant motion instead of responding to the requests, argues that a protective order is

---

[1] Boyarsky had previously served a notice to admit with 90 requests for admission. After Klein asked Boyarsky to withdraw her notice on the ground that her requests were improper, Boyarsky served the Second Notice to Admit. Klein then requested that Boyarsky withdraw the Second Notice to Admit, claiming again that her requests were improper. Boyarsky, however, refused.

warranted because Boyarsky seeks admissions beyond the scope and intent of the governing statute, CPLR 3123.

The case law is clear that "the purpose of a notice to admit is to eliminate from the litigation factual matters which will not be in dispute at trial, not to obtain information in lieu of other disclosure devices" (*Taylor v Blair*, 116 AD2d 204, 205-06 [1st Dept 1986] [internal quotation marks and citations omitted]). As with all discovery, the requests must also seek admissions regarding matters that are "material and necessary in the prosecution or defense" of the proceeding (CPLR 3101[a]; *Kashelkar v Dave*, 31 AD3d 341, 341 [1st Dept 2006] [affirming protective order which vacated plaintiff's notice to admit where the information sought was unrelated to claims]).

Within this framework, the court has reviewed all of Boyarsky's requests for admission and finds most of them improper on one or more grounds.[2] For instance, more than half of Boyarsky's requests seek admissions regarding matters that are irrelevant to the issues raised in this turnover proceeding.[3] Other requests seek admissions regarding matters that are clearly in dispute, as evidenced by Klein's answer in this proceeding, or improperly ask Klein to admit to "fundamental and material issues or ultimate facts that can only be resolved after a full trial" (*Hawthorne Group, LLC v RRE Ventures*, 7 AD3d 320, 324 [1st Dept 2004] [citations omitted]).

Courts may, in their discretion, issue a protective order "denying, limiting, conditioning or regulating the use of any disclosure device" (CPLR 3103[a]; *see M.P. v Jewish Bd. of Family*

---

[2] Apart from the improper nature of the requests, the "Instructions" she includes for responding pertain to a general document demand under CPLR 3120.

[3] To illustrate, 18 of the requests seek admissions relating to proceedings in New York County Family Court involving Boyarsky, decedent, and Klein, which resulted in the issuance of temporary restraining orders preventing Boyarsky from having contact with decedent. Another 19 of the requests relate to other matters that the parties had litigated or are currently litigating.

*& Children's Servs.*, 211 AD3d 584, 585 [1st Dept 2022] [holding trial court properly exercised its discretion in granting a protective order]). The exercise of such discretion may include striking a notice to admit where the vast majority of requests are improper (*see Kimmel v Paul, Weiss, Rifkind, Wharton & Garrison*, 214 AD2d 453, 454 [1st Dept 1995] [noting that it is not the court's obligation to "prune" improper notices to admit]; *see also Berg v Flower Fifth Ave. Hosp.*, 102 AD2d 760, 761 [1st Dept 1984]). Although most of Boyarky's requests for admission are improper and do not warrant a response, several concern matters that are appropriately the subject of a request for admission, and thus how Klein responds could help clarify certain issues.

Under these circumstances, the court concludes that a protective order striking the entire notice to admit is not warranted. Specifically, Request No. 8, regarding the dates of decedent's hospitalization, and Request Nos. 1, 5, 9, 10, and 12, which relate to certain bank statements, can be answered in the manner outlined in CPLR 3123(a). In determining that some of the requests for admission require a response, the court has considered that Boyarsky did not oppose the motion but finds such fact is not dispositive given the court's "broad discretion to supervise the discovery process" (*Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223, 224 [1st Dept 2003]). Finally, in its discretion, the court finds that Boyarsky's conduct was not frivolous within the meaning of 22 NYCRR § 130-1.1 and, therefore, cannot be a basis for sanctions.

Accordingly, it is hereby

ORDERED that the part of the motion seeking a protective order is granted to the extent that Boyarsky's requests for admission are stricken except for Request Nos. 1, 5, 8, 9, 10, and 12. Klein is directed to respond to Request No. 8 within 30 days of the date of this Decision and

3

[* 3]

Order. Klein is also directed to respond to Request Nos. 1, 5, 9, 10, and 12. However, because those requests make specific reference to certain documents that the court cannot determine were served with the Second Notice to Admit, Klein shall respond to these requests within 30 days of Boyarsky's service of the Second Notice to Admit, along with copies of all documents to which those requests refer, upon Klein's counsel; and it is further

ORDERED that the part of the motion seeking sanctions is denied.

The Clerk of the Court is directed to email a copy of this decision, which constitutes the order of the court, to counsel of record and the parties whose names and respective email addresses appear below.

Dated: February 28th, 2025

_____
SURROGATE

To:

Lynne Boyarsky - lynneboyarsky@gmail.com

Karen Boyarsky - kboyarsky@cox.net

Philip T. Simpson, Esq. - psimpson@leechtishman.com

4