■ In the Matter of MORRIS L. MARKEL et al., Respondents, v MARKEL ELECTRIC PRODUCTS, INC., Appellant. (Appeal No. 1.)—Order unanimously reversed, with costs, and motion denied. Memorandum: On the eve of trial in a stock appraisal proceeding, petitioners, as dissenting shareholders of Markel Electric Products, Inc., obtained an order in Supreme Court, Erie County, directing respondent to produce documents and submit to examinations relative to the acquisition of certain assets of Markel Electric Products, Inc. The demand in the subpoena and various notices of discovery are extremely broad and include discovery directed to nonparties, among others. Extensive discovery has already been had in this case and respondent has produced and had deposed various officers and employees prior to the demands presently sought. It should be noted that there is an action pending in the United States District Court for the Western District of New York, in which extensive discovery proceedings have been had. The parties have previously agreed that materials furnished in the Federal court proceedings may be used in the State action without the necessity of duplicating discovery for the State action. Respondent appeals from the order directing further discovery. In view of the extensive discovery already had and the failure of petitioners to show facts from which it could be determined that further discovery is material and necessary to enable them to proceed with the trial of the appraisal action in the State court, the order should be reversed. The scope of the examination sought is so broad that this or any other court should not be put to the task of divining the minutia of that which may possibly remain to be disclosed. A trial of the action is the appropriate method now to dispose of the issues in dispute. A review of the record in this case compels the conclusion that "the examination ordered herein would not disclose material and necessary evidence. Furthermore, the order is unnecessarily broad and inclusive, to the extent that it amounts to judicial harrassment. This should not be permitted under the guise or semblance of liberality." *(Matter of Katz Buffalo Realty v Anderson,* 25 AD2d 809, 810). (Appeal from order of Erie Supreme Court—discovery, etc.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.