OPINION OF THE COURT
Burton S. Sherman, J.
Defendants move for a continuation of plaintiff’s examination before trial to inquire into her sexual history and conduct prior to and subsequent to an .alleged rape and for an order pursuant to subdivision 1 of section 235 of the Domestic Relations Law permitting defendants to examine plaintiff’s file in a matrimonial action.
The complaint alleges negligence by the defendant landlord in failing to furnish adequate protection to the tenant plaintiff, which resulted in her being assaulted and raped in her apartment.
The claimed facts are that upon entering her building plaintiff announced her apartment number to the security guard on duty and went to the elevator. Her assailant entered the same elevator which proceeded to her floor where she stepped out. He returned to the lobby and informed the security guard that he could not find his key, giving plaintiff’s apartment number as his own. The security guard then accompanied the ássailant back to plaintiff’s apartment, opened the door with a pass key and left. Plaintiff was startled by the sound of the assailant at *675 tempting to remove her television set. He then raped her. He was apprehended and pleaded guilty to the crime of attempted burglary in the third degree.
Defendants, relying upon the full disclosure provisions of CPLR 3101 (subd [a]), contend that they are entitled to examine plaintiff as to her sexual conduct prior to the alleged assault as material and necessary to the issue of liability and her sexual conduct subsequent to the assault as material and necessary on the issues of damages. As to liability, they urge as a defense that plaintiff either actually consented to the incident or failed to resist the attack with earnest resistance.
Plaintiff’s cause of action does not depend upon a criminal definition of rape. It is a civil negligence action allegedly resulting in an assault and rape. Civil assault is defined generally as an intentional attempt or threat to do injury or commit a battery. (A battery is intentional and wrongful physical contact with a person without his or her consent (Clayton v Keeler, 18 Misc 488; Pope v State of New York, 192 Misc 587, affd 277 App Div 1015)/ Therefore, defendants’ liability in this case will be the same whether or not there was earnest resistance as defined in subdivision 8 of section 130.00 of the Penal Law. For the issue is not whether plaintiff resisted sexual intercourse but whether there was intentional physical contact without her consent.
Nor is plaintiff’s prior sexual conduct material to the issue of consent. For no rational inference of consent can be drawn by a person’s prior sexual conduct, any more than prior accidents can prove negligence. The variables of social behavior are so great that to find consent by virtue of past conduct would be the result of speculation rather than competent proof. Moreover our courts now realize that a sexually experienced female does not waive the sanctity of her person because of her prior social conduct. Thus, I find that such cases as Young v Johnson (46 Hun 164, affd 123 NY 226); Gulerette v McKinley (27 Hun 320); Ford v Jones (62 Barb 484) and Klein v Munson S. S. Line (242 App Div 179), which did permit such inquiry, are either distinguishable or are no longer acceptable law. They represent a Neanderthal view of a woman’s place in society which *676 has fortunately been discredited. There is also support for my position in our Criminal Procedure Law. CPL 60.42 limits admissibility of a complainant’s prior sexual conduct in sex offense cases. While that section is not applicable to civil suits, certainly the rationale and policy considerations which led to its enactment are relevant and persuasive in determining the issues in this case. I conclude that such pretrial examinations as to sexual conduct as sought herein should only be granted in the exercise of discretion upon the strongest showing of special circumstances. No such showing has been made in this case. Plaintiff alleged that she had locked her apartment door and retired for the night. Defendant offers no proof that even remotely suggests consent.
For the same reasons, I conclude, that to examine plaintiff as to her subsequent sexual conduct on the issue of damage, there must be a showing of special circumstances. A party seeking compensatory damages in any personal injury action does place her physicial and psychological condition in issue and waives her physician-patient privilege (6 NY Jur 2d, Assault-Civil Aspects, §26, p 221). However, a female plaintiff seeking damages for assault or rape need not be humiliated simply because she seeks compensatory damage. In this case no special circumstances are shown to permit such inquiry. The defendants have had a psychological examination of plaintiff. There has been ample opportunity for exchange of medical information. This is sufficient to permit the defendants to evaluate plaintiff’s claim for damages.
Finally, for the same afore-mentioned reasons the court denies the defendants’ request to examine the file in her annulment action. Subdivision 1 of section 235 of the Domestic Relations Law declares such files to be confidential. Amendments to section 235 (including L 1978, ch 438) indicate a continuing legislative intent to maintain such confidentiality. Defendants fantasize that the file in the plaintiff’s annulment action may reveal a scarlet sexual past or deep-seated psychological personality which will serve in some way to defeat her action. Such speculation, no matter how fanciful, is not a substitute for fact or sufficient to show the requisite special circumstances nec *677 essary for relief. Nor does defendant show prejudice except perhaps to plaintiff’s former husband who also has a right to the confidentiality of his matrimonial file.
The motion is denied in all respects.