(October 6, 1987)

■ MICHAEL J. TULLY, III, Plaintiff, v TOWN OF NORTH HEMPSTEAD et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. NISSAN MOTOR CORPORATION, Appellant.—In a negligence action to recover damages for personal injuries, Nissan Motor Corporation (hereinafter Nissan) appeals from an order of the Supreme Court, Nassau County (Widlitz, J.), dated October 29, 1986, which denied its motion, *inter alia,* to preclude the first and second third-party plaintiffs from introducing evidence at the trial based on their failure to timely furnish an adequate supplemental bill of particulars as to the items demanded.

Ordered that the order is affirmed, with one bill of costs.

In response to Nissan's demand for a supplemental bill of particulars from the third-party plaintiffs, it was alleged, *inter alia,* that the materials used in the manufacture of the automobile involved in the instant accident were inadequate, that the "A-pillar" and door assembly of the automobile were not impact resistant, lacking reinforced members, and that the sheet metal used was of a lesser grade in thickness than that found in other vehicles. These enumerated structural defects, it was alleged, contributed to the over-all unsafe character of the automobile. The information furnished by the third-party plaintiffs in their supplemental bills of particulars was sufficient.

"A bill of particulars is not a form of disclosure * * * '[It] is of limited scope and may not be used to obtain evidentiary material' " *(Bouton v County of Suffolk,* 125 AD2d 620, 621, quoting from *Ginsberg v Ginsberg,* 104 AD2d 482, 484). Nissan's request that it be furnished with such information as the tensile, compression, torsion, or bending strength of the metal, is beyond the scope of the information a party is required to furnish in a bill of particulars *(see, Nuss v Pettibone Mercury Corp.,* 112 AD2d 744). Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.