OPINION OF THE COURT
Alan D. Oshrin, J.
Ordered that defendants Steve Sansola, Peter Amato and Marist College’s CPLR 3133 motion to strike plaintiff’s inter *307 rogatories is granted without prejudice to plaintiff’s service of a new and proper set of interrogatories; and it is further ordered that defendants, Jill Aberle, Irene Aberle and Robert Aberle’s CPLR 3133 motion to strike plaintiff’s interrogatories is granted without prejudice to plaintiff’s service of a new and proper set of interrogatories; and it is further ordered that defendants, Jill Aberle, Irene Aberle and Robert Aberle’s motion to compel plaintiff to answer the interrogatories dated June 12, 1989 is denied as moot.
Plaintiff has commenced an action against defendants seeking damages for alleged defamation, both verbal and written, negligence and the intentional infliction of emotional distress. In furtherance of that proceeding, plaintiff has served the same set of 43 interrogatories upon all six defendants. In the request for interrogatories, plaintiff seeks responses to no less than 126 questions. A vast majority of items with respect to which plaintiff seeks discovery relate to the virginity of defendant, Jill Aberle, her medical treatments, her sexual history and possible spontaneous or clinical abortions.
The complaint alleges that the plaintiff was a student at Marist College, that defendant, Jill Aberle, was a student at Marist College and that defendants, Steve Sansola and Peter Amato, were employees of the college. Aside from being named in the caption, defendants, Irene Aberle and Robert Aberle, are unmentioned in the complaint.
In substance, the plaintiff states that defendant, Jill Aberle, on February 5th, 1989 claimed that she had been raped by the plaintiff. Plaintiff says the statement about rape was false, that he never raped the defendant, that he did not have intercourse with the defendant and, in fact, tried to help her on January 31, 1989 when she had consumed beer and vodka and had otherwise acted in an inappropriate manner.
From that incident came the charge of rape, the charges of misconduct by defendants, Amato and Sansola, the alleged failure to conduct the proper investigation by defendants, Amato, Sansola and Marist College, and the subsequent exoneration by a judicial hearing board at Marist College.
Defendants deny allegations of the complaint and have not counterclaimed.
The question for determination at this time is whether the interrogatories which seek information regarding defendant, Jill Aberle’s virginity, medical treatment, sexual history and possible spontaneous or clinical abortions are material and *308 necessary to the prosecution of plaintiffs claims and, if not, whether the proper remedy is judicial pruning or vacatur of the interrogatories in their entirety (see, Metzger v Brockman, 92 AD2d 499, 500 [1983]; Barouh Eaton Allen Corp. v International Business Mach. Corp., 76 AD2d 873, 874 [1980]).
CPLR 3131 provides that interrogatories may relate to matters embraced in the disclosure requirements of CPLR 3101. CPLR 3101 in turn provides that there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action. Neither Jill Aberle nor any of the other defendants, as noted, has asserted a counterclaim.
The test of what is material and necessary in discovery is one of usefulness and reason (Matter of Du Bray, 132 AD2d 914, 915 [1987]). Discovery should be allowed if the information sought is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable (Allen v Cromwell-Collier Publ. Co., 21 NY2d 403, 407-408 [1968]).
To successfully prosecute the claim of libel plaintiff is required to establish that the words or printed material alleged to be libelous, how they apply to plaintiff, the defamatory nature of the words, the falsity thereof, publication to a third party, that defendants knew or should have known, the words to be false or acted, or otherwise acted in a reckless disregard for the truth, and that he sustained special damages thereby (see, Plaintiffs Proof Prima Facie Case § 14:14). To prosecute the claim for slander, plaintiff must prove the actual words spoken, their application to plaintiff, the defamatory nature, falsity, publication to a third party, that the words were unprivileged, that defendants knew or should have known the words to be false or acted in wreckless disregard of the truth and that plaintiff sustained special damages (Plaintiffs Prima Facie Case § 14:15).
Information concerning Jill Aberle’s virginity, medical treatment, sexual history and possible spontaneous or clinical abortions in no way is related to any of the elements plaintiff must prove with respect to the foregoing issues. In view of that lack of connection, plaintiffs efforts to obtain such information cannot be viewed as reasonable. Not only is the information sought not material and necessary to the prosecution of plaintiffs claims, the court finds such information has not been sought in good faith (see, Johnson v National R. R. Passenger Corp., 83 AD2d 916 [1981]). Plaintiffs attempt to *309 obtain such information is tantamount to judicial harassment. (See, Matter of Market v Markel Elec. Prods., 73 AD2d 1052 [1980]; Matter of Katz Buffalo Realty v Anderson, 25 AD2d 809, 810 [1966].)
Application of the same rationale to the claims of negligence and intentional infliction of emotional distress require the same conclusion. With respect to neither of those causes of action is Jill Aberle’s virginity, sexual conduct or sexual history material or necessary to the prosecution of the action. If plaintiff did not rape the defendant, Jill Aberle, and if the defendant, Jill Aberle, made such claim, and the making of that claim gives rise to an action as noted above, then plaintiff may proceed to prove his case without the need to conduct the inquiry he now seeks to engage in. It is plaintiff who has claimed emotional injury and who, thus, might be subject to inquiry as damages he has sustained. And, it is his medical condition, which conceivably could be the subject of discovery insofar at least as the negligence cause of action is concerned, not defendant, Jill Aberle.
In view of the fact that plaintiff has a right to discover some of the information requested in his interrogatories, vacatur is without prejudice to service of a new and proper set of interrogatories, if plaintiff be so advised, limited to matters material and necessary to the prosecution of his case (see, Manzo v Westchester Rockland Newspapers, 106 AD2d 492, 493 [1984]).
Beyond the concepts of materiality and necessity, reasonableness and good faith the court opines that a civil litigant— especially one who has not commenced an action and placed her sexual conduct in issue — is entitled, at the very least, to the same protection of privacy as is a complainant in a criminal case which involves a sexual offense. In 1975 the Legislature addressed this issue with the addition of section 60.42 to the Criminal Procedure Law. The section provides that evidence of a victim’s sexual conduct shall not be admissible in a prosecution for a sexual offense or an attempt to commit a sexual offense as defined in article 130 of the Penal Law unless the evidence fell within one of five specifically enumerated exceptions.
As observed by Joseph W. Bellacosa (now a Judge of the Court of Appeals) in his practice commentary: "The basic twofold purpose of this enactment was to bar harassment of victims with respect to irrelevant issues and to keep from the *310 jury confusing and prejudicial matters which have no proper bearing on the issue of the guilt or innocence of the accused. It attempts to strike a reasonable balance between protecting the privacy and reputation of a victim and permitting an accused, when it is found relevant, to present evidence of a victim’s sexual conduct.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 60.42, at 564; see also, People v Conyers, 86 Misc 2d 754, 756 [1976], affd 63 AD2d 634 [1978].)
Plaintiff can offer no good reason to obtain the information sought, and cannot establish that the information, if provided, would be useful or reasonable.
Plaintiff misperceives the purpose of discovery when in opposition to this application to strike the interrogatories, he says "these interrogatories, in light of the allegations in this case, are necessary and proper, certainly after considering the similar nature of the interrogatories served on plaintiff and fully answered by him”. Thereafter, plaintiff attaches the interrogatories which he supplied.
At no time do the interrogatories supplied by plaintiff indicate that he was or was not a virgin. In fact, he was never asked that question. Questions were asked as to his alleged contact with the defendant, Jill Aberle, and since the nature of that contact is essential to resolution of this dispute, questions of that nature are appropriate. Interrogatories to which counsel for plaintiff alludes bear no information concerning plaintiff’s sexual history.
The right of the individual to privacy must be respected and, in this case, there is no need to investigate activities of the defendant, Jill Aberle, which do not relate to the claims now before the court. Absent a connection between the item sought to be discovered and the pleadings, the court concludes that the interrogatories need not be provided.
It would be inappropriate to permit a litigant to utilize disclosure provisions of the Civil Practice Law and Rules to unduly embarrass or harass another litigant by inquiring into areas of a sensitive nature which bear no connection to the pending procedure. For the foregoing reasons the application is granted as noted above.
Finally, defendants Aberles’ motion to compel plaintiff to answer the interrogatories dated June 2nd, 1989 is denied as moot. The interrogatories dated November 19, 1990 have been served by plaintiff.