■ FREMONT INVESTMENT & LOAN, Respondent, v MARY GENTILE, Appellant, et al., Defendants. [943 NYS2d 182]—

In an action to foreclose a mortgage, the defendant Mary Gentile appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (James J. Golia, J.), entered January 20, 2011, as denied that branch of her motion pursuant to CPLR 3126 which was to preclude the plaintiff from giving evidence at trial with respect to the denials of and defenses to her counterclaim, as set forth in the plaintiff's bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

The purpose of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial (see *Jones v LeFrance Leasing L.P.*, 81 AD3d 900, 902 [2011]; *Mendelson v Szczupak*, 199 AD2d 479 [1993]; *Nuss v Pettibone Mercury Corp.*, 112 AD2d 744, 744 [1985]). "A bill of particulars may not be used to obtain evidentiary material" (*Nuss v Pettibone Mercury Corp.*, 112 AD2d at 744; see *Tully v Town of N. Hempstead*, 133 AD2d 657 [1987]; *Ginsberg v Ginsberg*, 104 AD2d 482, 484 [1984]).

Here, the appellant's demand for a bill of particulars improperly included requests for detailed information of an evidentiary nature (see *Posh Pillows v Hawes*, 138 AD2d 472, 474 [1988]). Thus, the responses in the plaintiff's bill of particulars objecting to those demands constituted an adequate response. Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was to preclude the plaintiff from giving evidence at trial with respect to the denials of and defenses to the appellant's counterclaim, as set forth in the plaintiff's bill of particulars.

The appellant's remaining contentions are not properly before this Court. Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.