Utopia Heart Care, P.L.L.C. v Gramercy Cardiac Diagnostic Servs., P.C. (2021 NY Slip Op 01373)





Utopia Heart Care, P.L.L.C. v Gramercy Cardiac Diagnostic Servs., P.C.


2021 NY Slip Op 01373


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Shulman, JJ. 


Index No. 152981/19 Appeal No. 13305 Case No. 2020-03704 

[*1]Utopia Heart Care, P.L.L.C., Plaintiff-Appellant-Respondent,
v
Gramercy Cardiac Diagnostic Services, P.C., Defendant-Respondent-Appellant.


Manmohan K. Bakshi, P.C., Manhasset (Manmohan K. Bakshi of counsel), for appellant-respondent.
Davis Wright Tremaine LLP, New York (John M. Magliery of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about August 18, 2020, which denied the parties' motions for summary judgment, unanimously affirmed, with costs.
The doctrine of collateral estoppel does not bar litigation of the issues decided in a Civil Court order and judgment entered in an earlier action between the parties since it was later vacated by the Appellate Term for lack of subject matter jurisdiction (Ruben v American & Foreign Ins. Co., 185 AD2d 63, 65 [4th Dept 1992]). Plaintiff failed to show prejudice arising from the motion court's acceptance of defendant's principal's corrected affidavit, originally submitted as an affirmation (see CPLR 2106; Cleasby v Acharya, 150 AD3d 605 [1st Dept 2017]). Nor can plaintiff rely on defendant's failure to respond to its notice to admit in support of its summary judgment motion because "[a] notice to admit may not be utilized to request admission of material issues or ultimate or conclusory facts, or facts within the unique knowledge of other parties" (Fetahu v New Jersey Tr. Corp., 167 AD3d 514, 515 [1st Dept 2018][internal quotation marks omitted]). Rather, a notice to admit is "only properly used to eliminate from trial matters which are easily provable and about which there can be no controversy" (id. [internal quotation marks omitted]). Thus, based on these principles, plaintiff's motion was properly denied (id.).
Defendant's January 11, 2016 email, which plaintiff acknowledged in a letter dated February 23, 2016 as a notice of termination, established prima facie that the parties' agreement was terminated, but did not resolve the issue of plaintiff's damages. Given plaintiff's failure to submit an arrears ledger or a statement by a person with knowledge of the specific amounts owed and defendant's failure to submit any calculation of the amounts owed rather than relying solely on plaintiff's February 23, 2016 letter, damages cannot be determined on this record.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021