J.O. v LA Fitness Intl., LLC (2025 NY Slip Op 51297(U))

[*1]

J.O. v LA Fitness Intl., LLC

2025 NY Slip Op 51297(U)

Decided on August 19, 2025

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 19, 2025
Supreme Court, Bronx County

J.O., Plaintiff,

against
LA Fitness International, LLC d/b/a LA FITNESS, 
 and JOAD ANDRADE, Defendants.

Index No. 820396/2023E

Plaintiffs
RICHARD ALAN DUBI Firm Name: Law Office of Richard A. Dubi, P.C. Address: 9 Cedar Ridge Lane, Dix Hills, NY 11746 Phone: 631 499-3030 Service E-mail: [email protected] Other E-mails: [email protected]
Defendant LA Fitness
DAVID MICHAEL KUPFER Firm Name: KENNEDYS CMK LLP Address: 120 Mountain View Boulevard, Basking Ridge, NJ 07920 Phone: (908) 848-6300 Service E-mail: [email protected] Other E-mails: [email protected] [email protected]
Defendant Andrade
PATRICK J BLISS Firm Name: PATRICK J. BLISS ESQ. Address: 399 Knollwood Rd Suite 204, White Plains, NY 10603 Phone: 914-428-9050 Fax: 914-946-6301 Service E-mail: [email protected]

Veronica G. Hummel, J.

In accordance with CPLR 2219(a), the decision herein is made upon consideration of all the papers filed by the parties relative to: the motion of defendant LA Fitness LLC. d/b/a/ LA FITNESS ("LA Fitness") (Motion #2), made pursuant to CPLR 2307 and 3101(a)(4), seeking an order issuing So Ordered Subpoenas directed at the New York City Police Department and the [*2]Bronx District Attorney's Office and other relief [FN1]
; the motion of LA Fitness (Motion #3), made pursuant to CPLR 3103(a), seeking an order (1) protecting certain disclosure from public dissemination demanded in plaintiff's April 22, 2024 demand ("Plaintiff's April 2024 Demand") , and (2) granting other just and proper relief; the cross-motion of plaintiff J.O., made pursuant to CPLR 3120(3), 3123, 3124, and 3126, and 22 NYCRR 130-1.1, seeking an order striking the answer of LA Fitness, or alternatively deeming the matters within plaintiff's Notice to Admit ("the Notice to Admit") directed at LA Fitness admitted, compelling complete responses to plaintiff's combined discovery demands, compelling LA Fitness to produce all documents it received pursuant to its Subpoena Duces Tecum directed at the Office the Bronx County District Attorney, awarding costs and sanctions, including attorneys' fees; and other just and proper relief; and the motion of LA Fitness (Motion #4), made pursuant to CPLR 3124, seeking an order compelling plaintiff to respond to defendant's Demand for a Verified Bill of Particulars. 
There is opposition to LA Fitness' Motions #3 and #4 and plaintiff's cross-motion. LA Fitness' motion seeking the So Order of Subpoenas (Motion #2) is unopposed. Background/Procedural History [FN2]
This nearly two-year-old action has a relatively complicated procedural history.
Plaintiff commenced this action on December 21, 2023. Plaintiff alleges that defendant Andrade ("Andrade") sexually assaulted plaintiff inside the locker room of a LA Fitness gym and that negligence on LA Fitness' part allowed this to happen. It is undisputed that Andrade was charged with felony sexual assault and pleaded guilty to a crime based on the incident, although the specific charge that defendant finally pleaded guilty to is not provided to the Court.
Both defendants have appeared and interposed answers. 
On May 3, 2024, LA Fitness moved by Order to Show Cause (Motion #1) for a Protective Order prohibiting plaintiff from publicizing certain documents allegedly obtained outside of the normal course of discovery, excusing LA Fitness from responding to plaintiff's Notice to Admit, and other relief. By Decision and Order dated September 30, 2024, this Court denied the motion (Motion #1).
On September 12, 2024, LA Fitness moved by a second Order to Show Cause (Motion #2) for an order issuing So Ordered Subpoenas directed at the New York City Police Department ("NYPD") and the Bronx District Attorney's Office ("BXDA") and seeking documents relating to the prosecution of co-defendant Andrade for sexual offenses. Initially, due to a clerical error, the unopposed motion for subpoenas (Motion #2) was erroneously marked "decided". This error has since been corrected and the motion seeking the issuance of So Ordered Subpoenas (Motion [*3]#2) is unopposed. 
On January 13, 2025, LA Fitness filed a third motion (Motion #3). In the motion, LA Fitness seeks, in essence, pursuant to CPLR 3013(a), a Protective Order prohibiting the public dissemination of certain LA Fitness documents exchanged during discovery in response to Plaintiff's April 2024 Demand. 
In response, on January 23, 2025, plaintiff cross-moved pursuant to CPLR 3120(3), 3123, 3124, and 3126, and 22 NYCRR 130-1.1, for an order striking LA Fitness' answer for failing to respond to the Notice to Admit or, alternatively, deeming the facts in the Notice to Admit admitted. Plaintiff further moves to compel defendant to provide full responses to Plaintiff's April 2024 Demand. LA Fitness and plaintiff oppose the corresponding motions.
On February 18, 2025, plaintiff served a second demand for discovery ("Plaintiff's February 2025 Demand"). The requests therein parrot the demands set forth in Plaintiff's April 2024 Demand and appropriateness of the newer demand was discussed and argued at the oral argument of these motions.
On February 19, 2025, LA Fitness moved again (Motion #4), this time seeking an order pursuant to CPLR 3124 compelling plaintiff to respond to its demand for a verified bill of particulars dated December 20, 2024 ("December 2024 Demand for Bill of Particulars"). There is opposition to the motion by plaintiff.
Despite being represented by counsel, defendant Andrade did not submit any papers on the various motions.
Oral argument was held on the motions and the issues raised therein were thoroughly argued.

Analysis
Disclosure in civil actions is generally governed by CPLR 3101(a), which directs there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof (Forman v Henkin, 30 NY3d 656, 661 [2018]; CPLR 3101 [a]). The term "material and necessary" is interpreted liberally to require disclosure upon request of any facts which will assist preparation for trial (Id.). "A party seeking discovery must satisfy the threshold requirement that the request is reasonably calculated to yield information that is 'material and necessary'—i.e., relevant—regardless of whether discovery is sought from another party" (Id.). 
Hence, it is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims (Forman v Henkin, supra; see also GS Plasticos Limitada v Bureau Veritas Consumer Prods. Servs., Inc., 112 AD3d 539, 540 [1st Dept 2013] [sufficient factual predicate required for discovery demands]). Discovery demands are improper if they are based upon hypothetical speculations calculated to justify a fishing expedition (Id; Budano v Gurdon, 97 AD3d 497 [1st Dept 2012]).
Furthermore, while discovery rules provide for "full disclosure of all matter material and necessary in the . . . defense of an action" by a party to that action (CPLR 3101 [a]), it is well settled that competing interests must always be balanced; the need for discovery must be weighed against any special burden to be borne by the opposing party (M.P. v Jewish Bd. Of Family & Children's Servs., 211 AD3d 584 [1st Dept 2022]). As such, the Court is empowered with broad discretion to deny or limit disclosure to prevent unreasonable annoyance, expense, [*4]embarrassment, disadvantage, or other prejudice to any person or the courts (CPLR 3103 [a]; Id.).
Hence, the court may at any time on its own initiative, or on motion of any party or of any person from whom or about whom discovery is sought, issue a Protective Order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts (Lisa I. v Manikas, 183 AD3d 1096 [3d Dept 2020]; M.P. v Jewish Bd. Of Family & Children's Servs., supra). A factual showing of prejudice, annoyance, expense or privilege must be made (Lisa I v Manikas, supra). Caselaw leaves no doubt, however, that "[a] trial court is vested with broad discretion regarding discovery, and its determination will not be disturbed absent a demonstrated abuse of that discretion" (Id.; 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486, 487 [1st Dept 2009]).
Applying these governing legal principles to the facts of this case, the motions are decided as follows:
Motion #2 — Motion for So Ordered Subpoenas
LA Fitness seeks an order compelling the NYPD and BXDA to provide defendant with copies of the files associated with the investigation by the agencies into the sexual assault committed against plaintiff and which resulted in a guilty plea by co-defendant Andrade. LA Fitness' moving papers preliminarily demonstrate that the subpoenas sought are reasonably likely to produce evidence that is necessary and material to the prosecution or defense of this action (see Forman v Henkin, supra; CPLR 2307; 3101[a]4]; and 3120). The motion is therefore granted without opposition to the extent that the agencies shall provide the documents demanded on or before October 31, 2025. The corresponding subpoenas are signed as of the date of this Decision and Order.
Motion #3- LA Fitness Motion for a Protective Order
LA Fitness moves for a Protective Order prohibiting the dissemination of materials exchanged during discovery to members of the media or to persons not involved in this litigation. In the notice of motion, LA Fitness requests:
"Pursuant to CPLR §3103(a), for a protective order with respect to confidential, non-public documents and information sought by plaintiff's discovery demands".
Specifically, in the moving papers, LA Fitness seeks a Protective Order covering four types of documents that are demanded in the Plaintiff's April 2024 and February 2025 discovery demands. The first type of demand seeks "a printout of personal member file information of [Andrade] from January 21, 2021, to present date, including a printout of all notes and entries made about this member, including the creation date and name of the party who made such entries [in the LA Fitness computer system] ("the Andrade Membership Record"). [NYSCEF 53, p. 3]. The second demand is for a complete printout of the LA Fitness anti-sexual abuse policy manual. The third form of demand seeks a copy of "any written accident report made by, on behalf of, or to, the responding defendant, its agents, servants and employees about or relating to the attack which is the subject of this action, and which was made in the regular course of business operations . . . as required by CPLR 3101(g)". ("the Incident Report"). Finally, plaintiff [*5]demands documents that, in essence, reflect any communication between LA Fitness and non-party gym members pertaining to Andrade.
Collateral Estoppel
As an initial matter, plaintiff argues that the instant motion for a Protective Order (Motion #3) is barred by collateral estoppel and the law of the case doctrine because the prior motion by LA Fitness for a Protective Order (Motion # 1) was denied.
"The doctrine of collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Martinez v New York City Tr. Auth., 203 AD3d 87, 91-92 [1st Dept 2022] [internal quotation marks omitted]). "When applied, the [law of the case] doctrine precludes parties or their privies from relitigating an issue that has already been decided" (Chanice v Federal Express Corp., 118 AD3d 634, 635 [1st Dept 2014]).
LA Fitness' initial motion (Motion #1) sought a Protective Order for specific LA Fitness records that were already in plaintiff's possession and were obtained by the plaintiff outside the normal course of discovery. By contrast, LA Fitness' instant motion (Motion #3) seeks an order prohibiting the dissemination of various documents to be exchanged during discovery. Hence, the types of documents that are the subject of the instant motion (Motion #3) and the relief sought herein are broader than those addressed in the limited prior motion (Motion #1). Thus, contrary to plaintiff's contention, LA Fitness' motion (Motion #3) is not barred by either collateral estoppel or law of the case doctrine.
Protective Order against publication- embarrassment, privacy, and trade secrets
As previously noted, the Court has wide discretion to deny or limit any disclosure device to prevent unreasonable annoyance, expense, embarrassment or other prejudice to any person or the courts (M.P. v Jewish Bd. of Family & Children's Servs., 211 AD3d 584 [1st Dept 2022]); Jones v Maples, 257 AD2d 53, 56 [1st Dept 1999]). At its essence, a "protective order is designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 457-458 [1983]).
Hence, the Court's power to regulate discovery encompasses the authority to limit access to pre-trial discovery by the media (Scollo v Good Samaritan Hosp., 175 AD2d 278, 279-280 [2d Dept 1991]) and to prohibit the dissemination of information obtained via discovery (Walsh v Design Concepts, Ltd., 221 AD2d 454 [2d Dept 1995]). The Court has the authority to issue a Protective Order on its own motion (CPLR 3103[a]) and it is well settled that competing interests must always be balanced and the need for confidentiality must be weighed against any special burden to be borne by the opposing party (M.P. v Jewish Bd. Of Family & Children's Servs., supra).
Here, LA Fitness, as the party seeking a Protective Order applicable to a discovery production, bears the burden of showing that confidently is warranted based on the balancing of interests (see Hill v City of New York, 170 AD3d 511 [1st Dept 2019]). Of note, a claim of undue embarrassment requires a strong showing by movant (Rivera v State, 70 Misc 3d 879 [Court of Claims 2020]). In addition, the burden of showing harm or disadvantage based the allegation that the information sought is a trade secret and is entitled to confidentiality falls upon the party [*6]objecting to disclosure (JP Morgan Chase Funding Inc. v Cohan, 134 AD3d 455 [1st Dept 2015]).
Of import here, LA Fitness does not seek an order protecting the demanded records and documents from disclosure during discovery. Rather, LA Fitness seeks an order prohibiting the publication and dissemination of the demanded materials to the public. 
Andrade Membership Record and Non-Party Gym Members' Records
In the Plaintiff's April 2024 Demand, plaintiff seeks:
"Complete and accurate printout of Personal Member File Information for [Andrade] . . . from Jan 21, 2021 to present date including a printout of all notes and entries made about this member including the creation date and name of the party who made such entries that are created and maintained in LA FITNESS Customer Relation Management (CRM) System and/or FDMT System . . . ".
In the subsequent Plaintiff's February 2025 Demand, plaintiff specifically seeks:
"1. A full and complete copy of [Andrade's] personal member file from the LA Fitness club location . . .
2. All notes, memorandum, data entries or other records created or maintained by LA Fitness in the ordinary course of business which refer or relate to [Andrade's] membership at the LA Fitness club . . . from 2017 to the present.
3. All documents, memorandum, data entries or other records created or maintained by LA Fitness in the ordinary course of business which refer or relate to communications between [Andrade] and LA Fitness pertaining to Joao Andrade's membership at the LA Fitness club . . . from 2017 to the present. (1, 2 and 3 are referred to as "the Andrade Membership Record")
4. All documents, memorandum, data entries or other records created or maintained by LA Fitness in the ordinary course of business which refer or relate to complaints relating to [Andrade] pertaining to [Andrade's] membership at the LA Fitness club . . . from 2017 to the present.
5. All documents, memorandum, data entries or other records created or maintained by LA Fitness in the ordinary course of business which refer or relate to communications between LA Fitness and any of its members pertaining to[Andrade's] membership at the LA Fitness club . . . from 2017 to the present." (4 and 5 are referred to as "Non-Party Gym Members Records").
As a basis for confidentiality to protect the documents produced in response to this demand for the Andrade Membership Record and Non-Party Gym Member Records, LA Fitness contends that its internal software system for tracking customer information constitutes a trade secret and that producing the Andrade Membership Record, and the other documents will reveal confidential information. LA Fitness "considers" these types of records to be proprietary and confidential as they contain personal information of "its members". The FDMT system from which plaintiff seeks production was developed and is maintained by LA Fitness and "is proprietary, confidential software program, the public dissemination of which and disclosure to competitors would harm Fitness". 
LA Fitness next argues that a Protective Order is necessary because the demanded materials contain information that could reveal the daily habits of its customers such as work out [*7]routines and may harm the criminal defense of co-defendant Andrade. 
Finally, LA Fitness contends that its professional reputation may be harmed if its customers learned that materials documenting their daily habits (presumably referring to their exercise routines) had been widely disseminated.
The April 2024 Demand for the Andrade Membership Record and Demands 1, 2 and 3 in the February 2025 Demand
Based on the record, LA Fitness fails to demonstrate that a broad Protective Order governing the confidentiality of the documents produced under these demands is warranted. As for the vague allegations of propriety information and confidential computer programs or trade secrets, movant fails to submit an affidavit from a corporate representative or another person with personal knowledge as to the relevant computer system or anyone with knowledge proving the risk of improper exposure of information or a proprietary computer system from the document production. The sole evidence submitted in support of the motion, an attorney affirmation, is not competent evidence as it is not based on personal knowledge (see Conti v City of Niagara Falls Water Bd., 82 AD3d 1633, 1634 [1st Dept 2011] ["It is well established . . . that an affirmation submitted by an attorney who has no personal knowledge of the facts is without evidentiary value"]). Nor does the attorney's affirmation contain the necessary factual details to establish such a claim.
Furthermore, to the extent that LA Fitness seems to be arguing that the privacy interests of Andrade must be protected, the contention is completely without merit. Andrade has not submitted any papers on the motion and therefore has waived any privacy rights to the relevant material. In any event, the argument is baseless as the co-defendant has pled guilty to a crime and been criminally convicted based on the assault of plaintiff and is therefore not entitled to any such privacy considerations.
Plaintiff's February 2025 Demands Nos. 4 and 5 (Non-Party Gym Member Records-complaints by other members)
In moving for a Protective Order as relevant to these two demands, LA Fitness argues that, as for the part of the demands that requires the production non-party gym member's records or other information, the records are appropriately subject to a confidentiality order.
As stated above, any claim based on proprietary, or trademark information in the LA Fitness records is unsupported. Similarly, LA Fitness' broad assertion that numerous other gym members' personal information or work out habits may be exposed by the production of the demanded records regarding Andrade is unsupported by the record. As noted, there is no affidavit by a person with knowledge detailing what information is in fact stored in the membership files or stating that non-party gym member personal information is at risk by the documents produced in response to the demands. Simply stated, it is not explained or proven in the moving papers how producing the demanded documents that mention Andrade will result in somehow revealing vital information about other gym customers. 
It is undisputed that complaints by fellow gym members concerning Andrade's behavior prior to the attack, if any, may be relevant to establish notice and is therefore discoverable. There is, however, no benefit or public policy served by publicly publishing the non-party gym [*8]members' names or personal information. Furthermore, the Court finds that the public distribution of said names or information exchanged in response to the demands may cause unnecessary and unproductive embarrassment and anxiety to the non-party gym members.
In addition, to the extent that any produced record may contain credit card numbers or birth dates, that information is appropriately subject to a Protective Order as such information is defined as personal confidential information in the Court Rules (22 NYCRR 202.5). While there is no gym-customer privilege in this state, a Protection Order is therefore properly issued to preserve the privacy of the non-party gym members, and it is granted. 
In sum, except for the discovery exchanged in response to Demands No. 4 and 5, LA Fitness fails to make the required showing that a Protective Order is necessary to "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to itself, any other individual" or the Court (see Rosen v MHM Realty LLC, 166 AD3d 428, 4285 [1st Dept 2018]).
As for the documentation produced in response to Demands Nos. 4 and 5, as set forth herein, the exchanged information that includes non-party gym members names and private information shall not be published beyond the parties and attorneys in the action. In addition, to the extent that any produced record may contain credit card numbers or birth dates, that information is appropriately subject to a Protective Order as such information is defined as personal confidential information in the Court Rules (22 NYCRR 202.5).
LA Fitness Employee Policy Manual
LA Fitness has not demonstrated why an order prohibiting the dissimulation of the demanded employee manual is necessary to prevent annoyance, embarrassment or prejudice to any person. As such, the part of the motion directed to this discovery material is denied.
The Incident Report
As for the Incident Report, to the extent that the LA Fitness attorney appears to argue that Andrade would be "annoyed, embarrassed or prejudiced" by the release of the report, as stated above, co-defendant did not submit opposition to the release of this information. In any event, the argument is entirely unconvincing as the co-defendant has already pled guilty to a crime based on the assault. As a result of the co-defendant's guilty plea, his legal culpability for the assault has become part of the public record, thereby eliminating any privacy considerations.
LA Fitness similarly has not demonstrated that it is entitled to protection based upon claims of annoyance or embarrassment caused by the Incident Report. To the extent that LA Fitness claims that the disclosure would cause prejudice, there is no evidentiary foundation for such an allegation in the record.
Moreover, the argument that the Incident Report is appropriately subject to a Protective Order as attorney work product lacks legal merit. Incident reports are not privileged and there is no statutory basis for deeming said reports confidential (Bennett v Twin Parks Northeast Houses, Inc., 233 AD2d 223 [1st Dept 1996]). Defendant has simply not claimed or proven that any legal recognized privilege applies to the subject document (see Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 403 [1st Dept 2018]). 
Again, by contrast, to the extent that any produced record may contain credit card numbers or birth dates, that information is appropriately subject to a Protective Order. (22 NYCRR § 202.5). 
In sum, therefore, the Court grants the part of the motion for a Protective Order only to the extent that the parties are prohibited from disseminating personal confidential information obtained during disclosure as defined as personal confidential information within 22 NYCRR § 202.5 and in response to Demands Nos. 4 and 5 of the Plaintiff's February 2025 Demand to the extent that non-party gym member's personal information is contained therein. Any document containing such information shall be redacted before it is disseminated to any individual who is not directly involved in this matter. Should circumstances evolve, the parties are granted leave to move this Court for a modification of this restriction. 
Of note, plaintiff's counsel has already voluntarily agreed to refrain from disseminating to the media, any materials or information obtained during discovery.
Motion #3 — Plaintiff's Cross-Motion pursuant to 3120(3), 3123, 3124, 3126, and 22 NYCRR § 130-1.1, for an Order striking LA Fitness' Answer and other relief.
Sanctions for failure to produce discovery
Plaintiff failed to establish that LA Fitness willfully and/or contumaciously refused to provide discovery. LA Fitness provided plaintiff with document discovery and the remaining outstanding disclosure is the subject of this discovery motion and cross-motion. The Court notes that the delay in completing discovery in this matter is largely attributable to the litigiousness of plaintiff and LA Fitness. If the parties were to work together to resolve their disputes discovery may well proceed in a more expeditious manner. The branch of plaintiff's motion that seeks an order striking defendant LA Fitness' Answer is denied.
Notice to Admit
Plaintiff also moves for an order deeming the matters contained within the Notice to Admit admitted or alternatively for an order compelling LA Fitness to provide complete responses to the same. LA Fitness timely responded to plaintiff's notice and asserted various objections to the items contained therein.
A notice to admit may request the truth of any factual matters on which the requesting party reasonably believes there can be "no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry." (CPLR 3123 [a]). A notice to admit can also seek admissions pertaining to the genuineness of any papers or documents (Id.). The device can be used only to dispose of "uncontroverted questions of fact or those that are easily provable" (The Hawthorne Group, LLC v RRE Ventures, 7 AD3d 320, 324 [1st Dept 2004]; Parra v 99 John Deco Lofts Condominiums, 86 Misc 3d 1215(A) ([Sup. Ct. New York County 2025]).
Hence, a notice to admit is to be used only for disposing of uncontroverted questions of fact or those that are easily provable, and not for the purpose of compelling admission of fundamental and material issues or ultimate facts that can only be resolved after a full trial (The Hawthorne Group v RRE Ventures, supra). Consequently, a notice to admit may not be utilized to request admission of material issues, ultimate or conclusory facts, legal conclusions, or facts within the unique knowledge of other parties (Fetahu v New Jersey Transit Corp., 167 AD3d 514, 515 [1st Dept 2018]; Kimmel v Paul, Weiss, Rifkind, Wharton, & Garrison, 214 AD2d 453 [1st Dept 1995]). Rather, it is only properly used to eliminate from trial matters which are easily provable and about which there can be no controversy (Utopia Heart Care, PLLC v Gramercy Cardiac Diagnostic Services, PC, 192 AD3d 473 [1st Dept 2021]; Fetahu v New Jersey Transit [*9]Corp., supra; Samsung Am. v Yugoslav-Korean Consulting & Trading Co., 199 AD2d 48, 49 [1st Dept 1993]). Otherwise stated, the procedure is designed to elicit a stipulation regarding specific matters concerning which there is general agreement (Lewis v Hertz Corp., 193 AD2d 470 [1st Dept 1993]).
It is also well established that the purpose of a notice to admit, pursuant to CPLR 3123(a), is to eliminate from the litigation factual matters which will not be in dispute, not to obtain information in lieu of other disclosure devices (Taylor v Blair, 116 AD2d 204 [1st Dept 1986]; see TSFV Holdings, LLC. v Mulberry Development, LLC., 59 Misc 3d 1226 (Sup. Ct. New York County 2018). It may not be employed as a mislabeled substitute for other disclosure devices such as examinations before trial or interrogatories (Taylor v Blair, supra; see Genna v Klempner, 195 AD3d 444 [1st Dept 2021]; see Fetahu v New Jersey Transit Corp., supra).
A review of the relevant Notice to Admit reveals that plaintiff clearly improperly seeks to compel admission of fundamental issues such as notice and thus LA Fitness is under no obligation to respond to the notice (Meadowbrook-Richman, Inc. v Cicchiello, 273 AD2d 6 [1st Dept 2000]; Orellana v City of New York, 203 AD2d 542, 542 [1st Dept 1994]). Plaintiff could not have reasonably believed that there was no substantial dispute as to the issue of notice or the other legal issues raised in the Notice to Admit (see Marches v Aston, 200 AD3d 531 [1st Dept 2021]).
Furthermore, the Notice to Admit clearly improperly seeks to obtain information in lieu of the other appropriate disclosure devices, such as the taking of examinations before trial. In fact, the Notice to Admit is, in many ways, an interrogatory, the proper service of which would have constituted a waiver of the right to take a deposition by plaintiff without court approval under CPLR 3130.
As the Notice to Admit was improper, LA Fitness was not required to furnish responses to it (Meadowbrook-Richman, Inc. v Cicchiello, supra). In addition, this Court is not obligated to parse through the Notice to Admit and determine which, if any of the items is proper and deserving of a response and strike the remaining improper items (Kimmel v Paul, Weiss, Rifkind, Wharton & Garrison, supra; Lewis v Hertz Corp., supra). 
Accordingly, the branch of plaintiff's cross-motion that seeks an order deeming the matters contained in the Notice to Admit admitted or, alternatively, compelling LA Fitness to provide a response to the same is denied.
Documents
Plaintiff's motion to compel defendant to respond to its demands for documents is granted without opposition. LA Fitness has agreed to provide plaintiff with all outstanding document discovery after the instant motion (Motion #3) is resolved.
Sanctions for frivolous motion
That part of the motion that seeks to impose sanctions on LA Fitness for frivolous motion practice is denied. The party seeking to impose sanctions under Part 130 has the burden of establishing that their adversary's conduct was frivolous withing the meaning of 22 NYCRR § 130-1.1 (U.S. Bank N.A. v Tait, 234 AD3d 889, 891-892 [2d Dept 2025]). Advancing a meritless argument may serve as the basis for a finding of frivolity, but only if the argument is completely without merit and cannot be supported by a reasonable argument for a modification or extension [*10]of existing law (Schuette v Brookford LLC, 200 AD3d 479, 480 [1st Dept 2021]). Additionally, motion practice intended primarily to harass or injure the other party may also constitute frivolous conduct within the meaning of Part 130 (Id.). 
In this case, plaintiff failed to meet the burden to show that the defendant has engaged in frivolous conduct (22 NYCRR § 130-1.1). Simply put, plaintiff has not demonstrated that defendant's legal arguments cannot be supported by a reasonable argument under existing law. Nor is there any evidence in the record that the defendant's conduct was solely undertaken to harass or injure plaintiff. The Court, in its discretion, denies the application (22 NYCRR § 130-1.1 [c]; Marx v Rosalind & Joseph Gurwin Jewish Geriatric Ctr. Of Long Is., Inc., 148 AD3d 696 [2d Dept 2017]; see Pathak v Shukla, 164 AD3d 687 [2d Dept 2018]).
Motion #4- Compelling Plaintiff to respond to the December 2024 Demand for a Bill of Particulars.
LA Fitness seeks an order pursuant to CPLR 3124 compelling plaintiff to furnish responses to item numbers 8, 9, 10, 11, 12, 31, 32, and 33 of the December 2024 Demand for Bill of Particulars. Plaintiff objected to each of the aforementioned items as an improper demand. 
"The purpose of a bill of particulars is to amplify the pleadings, limit the proof, and prevent surprise at trial . . . A bill of particulars may not be used to obtain evidentiary material" (Fremont Inv. & Loan v Gentile, 94 AD3d 1046, 1046 [2d Dept 2012]; see Suits v Wychoff Heights Medical Center, 84 AD3d 487 [1st Dept 2011]; Harris v Ariel Transp. Corp., 37 AD3d 308 [1st Dept 2007]). A bill of particulars is intended to "amplify the pleadings" such that "whatever the pleading pleads, the bill must particularize since the bill is intended to afford the adverse party a more detailed picture of the claim . . . being particularized" (Laukaitis v Ski Stop, Inc., 202 AD2d 554, 555 [2d Dept 1994] (quoting Siegel, NY Prac § 238, 356—57 [2d ed]).
Where there are allegations of negligence, defendant is entitled to a statement sufficiently particularizing the specific acts of negligence which gave rise to the asserted defect or accident (see Laukaitis v Ski Shop, supra). Responses to a demand for a bill must clearly detail the specific acts of negligence and notice attributed to each defendant (Suits v Wychoff Heights Medical Center, supra; Smith v City of New York, 202 AD3d 493 [1st Dept 2022]).
Importantly, as stated, a bill of particulars is not a form of disclosure, is of limited scope, may not be used to obtain evidentiary material, and is not a discovery device (Fremont Inv. & Loan v Gentil, supra; Tully v Town of North Hempstead, 133 AD2d 657 [2d Dept 1987]). It need not set forth a matter that is evidentiary in nature which is more appropriately obtained through depositions and expert disclosure (Harris v Aril Transp. Corp., supra).
Of note, the Court is not required to prune the defendant's improper demands (Morris Erbesh, NNE, Inc. v Schwartz, 21 AD3d 532 [2d Dept 2005]). In the interests of moving discovery along in this action, however, the Court will address the relevant demands herein.
Demands 8,9,10, 12 and 31 [FN3]

A review of the December 2024 Demand for a Bill of Particulars reveals that the material requested by LA Fitness in Demand Nos. 8, 9, 10, 12 and 31 seeks amplification of the allegations concerning defendant's acts of negligence and is therefore the proper subject of a bill of particulars (Suits v Wychoff Heights Medical Center, supra; Smith v City of New York, supra). Plaintiff shall provide responses thereto, to the best of his knowledge, by October 15, 2025.
Demand 11 [FN4]

As stated, there is an essential difference between a bill of particulars and disclosure devices (Coleman by Coleman v Richards, 138 AD2d 1988 [2d Dept 1988]). The information sought pursuant to Demand No. 11 concerns document and photograph authentication and genealogy and does not in any way amplify the pleadings. It is, at its essence, an interrogatory which, if served properly, could result in the waiver by defendant of any right to a deposition on the issue without court approval under CPLR 3130. The demand therefore violates the principle that the purpose of a bill of particulars is to expand upon the allegations within the pleading and not to serve as a method of discovery. As such, plaintiff need not respond to it.
Demands Nos. 32 and 33- Sexual History and History of Sexual Abuse
Of note, LA Fitness' demand for information in the form of a bill of particulars concerning plaintiff's sexual history, sexual partners, and history of sexual abuse was thoroughly argued in the underlying papers and at oral argument and its implication at an examination before trial is clear.
Demand No. 32.
In Demand No. 32, LA Fitness demands that plaintiff:
"Identify and provide the address, phone number, email address for all of Plaintiff's male and female sexual and romantic partners within the past five (5) years to the present."
Firstly, this demand is palpably improper as there is no conceivable way that it seeks to expand upon the pleadings. Instead, the demand is clearly a misuse of the pleading procedure in an attempt to inappropriately obtain discovery. As such, it is rejected, and plaintiff need not respond.
More importantly, to say the least, LA Fitness fails to put forth any legitimate rational basis or applicable legal support for requiring a response to this exceedingly intrusive demand. In the instant matter, plaintiff was the victim of a sexual assault in the LA Fitness gym which resulted in a criminal conviction. The assailant Andrade pleaded guilty to a crime based on the assault. It is established law that in cases of sexual assault, testimony concerning the victim's prior sexual history is of little value instead, it often serves only to harass the victim and confuse the jurors (Lisa I. v Manikas, 183 AD3d 1096 [3d Dept 2020]; see People v Williams, 81 NY2d 303, 312 [1993]). Even if consent were at issue, which it is not herein, it is a long-established legal principle that no rational inference of consent can be drawn by a person's prior sexual conduct, any more than prior accidents can prove negligence (Mason v Cohn, 108 Misc 2d 674 [Sup. Ct. New York County 1981]). The demand is therefore palpably improper.
Furthermore, LA Fitness' contention that exploring plaintiff's past sexual partners will somehow reveal relevant proof as to LA Fitness' liability for Andrade's decision to criminally assault plaintiff at the gym is illogical, pure speculation, harassment, and contrary to established law. Accordingly, plaintiff establishes in that he would be subject to undue and unproductive embarrassment and/or annoyance by being required to respond to the demand or being questioned about his sexual history which would be of no evidentiary value (Lisa I. v Manikas, supra).
To the extent that LA Fitness vaguely states that Andrade "believed that he was being set up", the statement is completely irrelevant. Andrade pleaded guilty to the crime and his purported self-serving "beliefs" are completely without value. The uncontradicted proof is that plaintiff was the victim of a crime. (See Lisa I. v Manikas, supra). Nor can the self-serving, unsupported statement by criminal co-defendant possibly serve as a basis to expose plaintiff to such a clearly inappropriate and irrelevant inquiry into his private life. Plaintiff's past sexual history is immaterial here and the inquiry will unjustly result in undue embracement and harassment.
Furthermore, the Court has the responsibility and authority pursuant to CPLR 3103(a) to issue a Protective Order to protect a party from harassment. As such, the Court may at any time on its own initiative make a Protective Order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts (Lisa I. v Manikas, 183 AD3d 1096 (3d Dept 2020); CPLR 3103[a]; see Cynthia B v New Rochelle Hosp. Med. Ctr., 60 NY2d 452 [1983]).
A person seeking damages for assault or rape need not be humiliated simply because he or she seeks compensatory damages (Lisa I. v Manikas, supra). Here, the parties herein in fully briefed and oral argued the relevance and discoverability of the information sought by this demand. Frankly, the request by LA Fitness and its "argument" in support of the demand are close to harassment and without any foundation in law.
Accordingly, considering all of the facts and arguments, and balancing the plaintiff's concern that plaintiff's sexual history is irrelevant and that questions of this nature are nothing more than a form of intimidation and embarrassment against defendant's unsupported contention [*11]that plaintiff's sexual history is relevant, the Court hereby sua sponte issues a Protective Order prohibiting the seeking of discovery, including the questioning of plaintiff at deposition, with regards to the personal sexual history sought by this demand. LA Fitness' attempt to obtain such information is very close to litigation harassment (see Greene v Aberle, 150 Misc 2d 306 [Sup. Ct Suffolk County 1991); Matter of Markel v Markel Elec. Prods., 73 AD2d 1052 [4th Dept 1980]).
Demand No. 33
"Other than the actions alleged in Plaintiff's Complaint, if Plaintiff has at any time (as a minor or as an adult been a victim of any form of sexual abuse or assault, identify: a. the individual(s) who caused and/or committed such acts; b. when and where each act occurred; c. each act of sexual abuse or assault; d. to whom such act(s) were reported; and e. any related claim cause of action lawsuit or proceeding filed by or on behalf of Plaintiff or in which Plaintiff participated as a witness, including criminal proceedings, and the outcome of each identified lawsuit or proceeding, to the extent known.
Once again, LA Fitness' demand is palpably improper as it seeks evidence, and not an amplification of the pleadings. Plaintiff's other responses and pleadings apprise defendant of the nature of the injury (CPLR 3043 [a][6]), which is sufficient for the defense of the claim (Harris v Ariel Transp. Corp., 37 AD3d 308 [1st Dept 2007]). Accordingly, plaintiff need not respond to Demand No. 33.
Furthermore, LA Fitness' argument, made without citing any legal authority, that all this detailed personal information about possible past sexual abuse must be exchanged simply because one element of plaintiff's alleged damages is emotional injury lacks merit. To follow LA Fitness' logic, every plaintiff that seeks emotional injury damages in any personal injury case, from a trip and fall to a motor vehicle accident, based on the pleading, without any additional showing of relevance, would be required to disclose all past sexual assaults in response to a demand for bill of particulars or a discovery demand. Obviously, this is not the law.
As stated, it is well established that a sexual assault victim seeking damages for assault or rape need not be humiliated simply because the victim seeks compensatory damages (Lisa I. v. Manikas, supra; Mason v Cohn, supra). Moreover, a victim's sexual history and past sexual abuse are not relevant or material to the elements of the causes of action for negligence, battery, intentional infliction of emotional distress or loss of services (Lisa I. v Mankis, supra; see Greene v Aberle, 150 Misc 2d 306, 309 [Sup. Ct. Suffolk County 1991] ). Based on the record presented, there is an insufficient showing warranting a response to this demand or even the directing the disclosure of the demanded information without a further showing of relevance.
The Court notes, however, that plaintiff alleges a claim for emotional damages and thereby places plaintiff's mental health in issue. When a party's mental condition "is in controversy" (CPLR 3121 [a]), a party generally is required to make available relevant discovery regarding plaintiff's mental health (E.D. v Intercontinental Hotels Group, 223 AD3d 561 [1st Dept 2024]; see Dillenbeck v Hess, 73 NY2d 278, 286—287 [1989]). In such cases, the Court may limit the production of disclosure in order to prevent defendant from causing plaintiff unreasonable annoyance and embarrassment (E.D. v Intercontinental Hotels Group, supra; see CPLR 3103[a]; Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452 [1983]).
Hence, unlike Demand No. 31, based on the limited record before the Court, a sua sponte Protective Order limiting discovery as to the questions raised by Demand No. 33 would be premature. Plaintiff may, if appropriate, move for a Protective Order as to the issue should it be raised by some future discovery demand or devise.
NYSCEF Filing Errors
LA Fitness incorrectly filed papers (NYSCEF Doc 85-106) relating to Motion #3 and Motion #4 on NYSCEF under Motion #2. LA Fitness also incorrectly indicted in the affirmation and memorandum of law (NYSCEF Doc 85 & 86) that the documents pertain to Motion Sequence Number 3, 4 and 5. However, to date, no Motion #5 has been filed in this matter. LA Fitness is directed to contact NYSCEF to correct these errors and the failure to do so by September 15, 2025, may result in the imposition of penalties or the striking of improperly filed documents from the record.
The Court has considered the additional contentions of the parties not specifically addressed herein. To the extent that any relief requested by the parties was not addressed by the Court, it is hereby denied.
Accordingly, it is hereby
ORDERED the motion of defendant LA Fitness LLC. d/b/a/ LA FITNESS ("LA Fitness") (Motion #2), made pursuant to CPLR 2307 and 3101(a)(4), seeking an order issuing So Ordered subpoenas directed at the New York City Police Department and the Bronx District Attorney's Office and other relief is GRANTED WITHOUT OPPOSITION and said subpoenas are executed on this date; and it is further
ORDERED that the motion of LA Fitness (Motion # 3) that seeks an order of protection only to the extent that the parties are prohibited from disseminating personal confidential information is GRANTED IN PART AND DENIED IN PART TO THE EXTENT SET FORTH HEREIN and any document containing the restricted confidential information shall be redacted before it is disseminated to any individual who is not directly involved in this matter; and it is further
ORDERED that the part of the cross-motion to Motion #3 by plaintiff J.O., made pursuant to CPLR 3120(3), 3123, 3124, 3126, and 22 NYCRR § 130-1.1, that seeks an order striking the answer of LA Fitness, or alternatively deeming the matters within plaintiff's Notice to Admit ("the Notice to Admit") directed at LA Fitness admitted is DENIED; and it is further
ORDERED that the part of the cross-motion to Motion #3 by plaintiff, made pursuant to CPLR 3120(3), 3123, 3124, 3126 and 22 NYCRR § 130-1.1 that seeks an order compelling complete responses to plaintiff's combined discovery demands and compelling LA Fitness to produce all documents it received pursuant to its Subpoena Duces Tecum directed at the Office the Bronx County District Attorney is GRANTED ON CONSENT; and it is further
ORDERED that the part of the cross-motion to Motion #3 by plaintiff seeking an order awarding costs and sanctions, including attorneys' fees, is DENIED; and it is further
ORDERED that the motion of LA Fitness (Motion #4), made pursuant to CPLR 3124, seeking an order compelling plaintiff to respond to defendant's demand for a Verified Bill of Particulars is GRANTED IN PART AND DENIED IN PART AS SET FORTH HEREIN; and it is further 
ORDERED that the Court has So Ordered the Subpoenas submitted by LA Fitness and the New York City Police Department, and the Bronx District Attorney's Office are directed to [*12]provide LA Fitness with copies of the records sought in said subpoenas on or before October 31, 2025; and it is further
ORDERED that the Clerk shall file the So Ordered Subpoenas directed at the New York City Police Department and the Bronx District Attorney's Office under the NYSCEF docket; and it is further
ORDERED that the Court, on its own motion and based on the arguments made in the motion papers and at oral argument, issues a Protective Order pursuant to CPLR 3103(a) prohibiting LA Fitness from seeking discovery, including at deposition, as to the information sought in Demand No. 33; and it is further
ORDERED that the Clerk shall mark LA Fitness' Motion #2, LA Fitness' Motion #3 and plaintiff's cross-motion, and LA Fitness' Motion #4 as decided in all Court records; and it is further
ORDERED that LA Fitness will contact NYSCEF no later than September 30, 2025, to correct the filing errors identified above.
The foregoing constitutes the Decision and Order of the Court.
Dated: August 19, 2025
Bronx, New York
Hon. Veronica G. Hummel, A.S.C.J.

Footnotes

Footnote 1: The Order to Show Cause also requested a Temporary Restraining Order directing the New York City Police Department and Bronx District Attorney's Office to preserve the documents sought in the motion. This Court granted the request for a Temporary Restraining Order.

Footnote 2:
Initially, the Court notes that counsel for plaintiff improperly uploaded documents to NYSCEF without the necessary specific identification labels as required by the rules of the Court and NYSCEF. Said rules require that an uploaded document be specifically identified to provide notice to the parties and to the Court and to permit the functionality of NYSCEF. Henceforth, any document uploaded without the appropriate specific descriptive identification label (i.e. affidavit, photograph, etc.), will be disregarded by the Court.

Footnote 3:Defendant seeks the following:
"8. Describe in detail each action which Plaintiff contends should have been undertaken by each Defendants, specify when the action should have been taken, and the authority under which such action could have been taken.

9. If Plaintiff claims that any Defendant is vicariously liable for the alleged acts or omissions of another person or entity, identify the person or entity for which each Defendant is alleged to be vicariously liable.

10. All facts known to you or your representatives that tend to prove what caused the subject incident to have occurred.

12. State all facts known to you or your representatives that tend to prove: a. What the defendant did or failed to do that caused or contributed to your injuries and damages; and b. How the defendant failed to exercise reasonable care or was otherwise negligent, which error or omission caused or contributed to your injuries and damages.

31. If Plaintiff claims punitive damages, describe the basis for such claim."
Footnote 4:"11. Describe in detail what records and photographs of records are in Plaintiff's possession regarding membership files maintain by any Defendant, how Plaintiff came into their possession, who provided them or showed them to Plaintiff, where Plaintiff was given any such records and/or photographs of records, and anything of value Plaintiff provided or promised to provide in exchange for these materials".